Timothy STROWMATT, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 71A03–9606–CR–224.

Court of Appeals of Indiana.

Sept. 29, 1997.

Rehearing Denied Nov. 10, 1997.

Philip R. Skodinski, South Bend, for Appellant–Defendant.

Pamela Carter, Attorney General, and Carol A. Nemeth, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

HOFFMAN, Judge.

Appellant-defendant Timothy Strowmatt appeals from his conviction for child molesting, a Class B felony. The facts most favorable to the judgment are presented below.

On May 20, 1994, Strowmatt parked his small white car in an alley and approached six-year-old M.G. who was playing in her backyard with her brother. Strowmatt asked M.G. if she had seen a black dog and asked her to come with him. M.G. followed Strowmatt behind a privacy fence, where he told M.G. to "turn around and don't tell." Strowmatt then inserted his finger into M.G.'s rectum.

Thereafter, M.G. was relating the incident to her friends when the father of one of her friends, Ronald Duckworth, overheard the children talking about a "penis." When a boy started to explain, M.G. ran back home. Duckworth then went to M.G.'s home where he told M.G.'s mother about the incident. M.G.'s mother questioned M.G. about the incident. She then took M.G. to the hospital.

At the hospital, M.G. gave a description of Strowmatt to Sergeant James B. Campbell of the South Bend Police Department. The sergeant showed M.G. an array of five photographs. M.G. hesitated and showed concern when she viewed a photograph of Strowmatt. On June 1, 1994, Sergeant Campbell conducted a lineup in which M.G. identified Strowmatt as the person in the alley who had molested her.

On June 2, 1994, the State charged Strowmatt with child molesting. A jury convicted Strowmatt as charged. He now appeals.

Strowmatt raises seven issues for this Court's review:

(1) whether the trial court properly exercised its discretion in denying Strowmatt's motions to strike the jury panel and for a mistrial;

(2) whether Strowmatt was deprived of the right to counsel when he was not advised of his right to an attorney prior to participating in a lineup;

(3) whether Strowmatt was illegally rearrested after he had bonded out from jail;

(4) whether the trial court properly denied Strowmatt a continuance to prepare for trial;

(5) whether the trial court erred when it flashed a notepad to the prosecutor during defense counsel's closing argument which indicated how much time she had remaining for rebuttal;

(6) whether the prosecutor improperly commented on Strowmatt's appearance during closing argument; and

(7) whether the trial court improperly conducted the hearing on the petition to revoke Strowmatt's probation.

■ First, Strowmatt argues that the trial court erred in denying his motions to strike the jury panel and for a mistrial based upon the trial judge's reading of an improper charging information. During voir dire, the judge mistakenly picked up Strowmatt's probation revocation file and began reading the wrong charge to the potential jury panel. After explaining that the charge was not evidence of anything, the judge read: "On or about the 27th day of January, 1992, in St. Joseph County, State of Indiana, Timothy Strowmatt who was then older than 16 years old did perform deviate sexual conduct on [M.M.], a child who was then—." The prosecutor then interrupted the judge. The judge immediately apologized for misreading the charge and a sidebar conference was held. Subsequently, the judge read the correct charge and again told the potential jurors that he had previously misread the charge. The judge then asked the potential jurors if his misreading of the charge was a problem. None of the jurors responded. At a second sidebar conference, Strowmatt moved for a mistrial based on the trial judge's reading of the incorrect charge. The motion was denied.

The following day, after a twelve-member jury was selected, Strowmatt renewed his motion but stated that rather than a motion for mistrial, a motion to strike the jury panel was more appropriate. The trial court denied Strowmatt's motion; however, the court at Strowmatt's urgence questioned each of the remaining potential jurors individually.

■ As Strowmatt notes, the general rule is that a defendant's prior criminal history is highly prejudicial and should not be admitted into evidence. Ind. Evidence Rule 404(b); *James v. State,* 613 N.E.2d 15, 22 (Ind.1993). However, a mistrial is an extreme remedy warranted when no other curative measure will rectify the situation and is a matter committed to the sound discretion of the trial court. *Id.* When determining whether a mistrial is warranted, this Court considers whether the defendant was placed in a position of grave peril to which he should not have been subjected. *Id.* The gravity of the peril is determined by the probable persuasive effect on the jury's decision. *Id.* The trial judge is in the best position to gauge the surrounding circumstances and potential impact on the jury when deciding if a mistrial is appropriate. *Id.* Additionally, a trial court has broad discretionary power to regulate the form and substance of voir dire. *Altmeyer v. State,* 519 N.E.2d 138, 142 (Ind. 1988). The purpose of voir dire is to ascertain whether jurors can render a fair and impartial verdict in accordance with the law and the evidence. *Id.*

Here, the trial judge's misreading of the charge occurred during voir dire and was not admitted into evidence against Strowmatt. In denying Strowmatt's motions, the trial judge determined that the potential jurors did not understand the significance of his mistake. The judge further questioned each juror individually to determine any possibility of prejudice and ascertained the willingness of each to base his decision solely upon the evidence presented at trial. Under the circumstances of this case, the corrective action of the trial court eliminated any possible prejudice that may have occurred. *See Kindred v. State,* 524 N.E.2d 279, 287–288 (Ind. 1988) (court's questioning of potential jurors about the defendant's prior criminal record did not constitute reversible error when prospective jurors were individually questioned regarding the possibility of prejudice and admonished to put aside preconceived notions). The trial court did not abuse its discretion in denying Strowmatt's motions.

■ Strowmatt also argues that he was deprived of the right to counsel when he was not advised of his right to an attorney before participating in a lineup prior to the filing of the information. The Sixth Amendment right to counsel attaches when the State initiates adversarial proceedings against a person by filing an indictment or information. *Bray v. State,* 443 N.E.2d 310, 313 (Ind. 1982). Once a charge is filed, a defendant has the right to the presence of counsel at any critical stage of the proceedings. *Id.* However, a lineup conducted prior to the filing of an information or indictment is not a critical stage which necessitates the presence of counsel to preserve a defendant's right to a fair trial. *Id.* at 313–314.

On May 31, 1994, the trial court issued an order for Strowmatt to appear in a lineup. Strowmatt, however, was not charged with child molesting in the present case until June 2, 1994. Since the State had not yet initiated adversarial proceedings against Strowmatt at the time the lineup was conducted, Strowmatt's Sixth Amendment right to counsel had not yet attached. *See id.* Thus, the trial court did not err in failing to advise Strowmatt of his right to counsel or in failing to provide him with an attorney.

■ Strowmatt further contends that he was illegally rearrested. Specifically, he asserts that the State erroneously released him upon the posting of a lower bond and then rearrested him without a warrant. Strowmatt, however, has failed to cite to anything in the record which supports his claim of an illegal arrest; therefore, he has waived this issue for review. *See* Ind. Appellate Rule 8.3(A)(7); *Gossmeyer v. State,* 482 N.E.2d 239, 242 (Ind.1985).

■ Waiver notwithstanding, Strowmatt has failed to show reversible error. Strowmatt does not claim that evidence was obtained from his rearrest which should have been suppressed at trial, he merely asserts that he was "confined thereby hampering his defense." A valid conviction may rest upon an invalid arrest and the legality of the arrest is relevant only to the admissibility of evidence resulting from a search based upon the alleged illegal arrest. *Randall v. State,* 474 N.E.2d 76, 80 (Ind.1985); *see also Snell-*

*grove v. State,* 569 N.E.2d 337, 341 (Ind.1991) ("[e]vidence stemming from an illegal arrest may be excluded upon a proper motion by appellant"). Strowmatt accordingly presents no reversible error on this issue.

■ Strowmatt also contends that the trial court erred in denying his motion for a continuance to prepare for trial. A trial court has discretion when ruling on a motion for continuance, and this Court will not reverse its decision absent a clear showing that the court abused its discretion. *Timm v. State,* 644 N.E.2d 1235, 1237 (Ind.1994). An abuse of discretion occurs where the ruling is against the logic and effect of the facts and circumstances before the court or where the record reveals that the defendant had been prejudice. *Gardner v. State,* 641 N.E.2d 641, 645 (Ind.Ct.App.1994). Continuances to allow more time for preparation are not favored and are granted only by showing good cause and in the furtherance of justice. *Timm,* 644 N.E.2d at 1237.

■ Here, Strowmatt requested a continuance to prepare for trial on November 10, 1994, only one week before the scheduled trial date. One reason Strowmatt requested a continuance was to find a person to drive the route he had taken on May 20, 1994, from South Bend to Fort Wayne, Indiana, and who would time the length of the drive. On November 15, 1994, the trial court ordered the St. Joseph County Police Department to provide an officer to drive the route and to be available to testify at trial. Hence, Strowmatt was not prejudiced by the trial court's denial of his request for a continuance.

■ Strowmatt also requested a continuance to depose the following witnesses: "Ron Duckworth, Franklin Dawson, Chris Toles, Ronald Austin, Rose Austin, Ira Schiffman, and Connie Petzloff." The State provided Strowmatt with the names of these potential witnesses between June 3, 1994 and July 28, 1994, well in advance of trial. Strowmatt has not shown that the trial court's denial of his motion for a continuance prejudiced him, and, therefore, the trial court did not abuse its discretion.

Strowmatt next contends that the trial court erred when it held up a notepad to the prosecutor during defense counsel's closing argument which indicated how much time she had left for rebuttal. At Strowmatt's request, the judge held a hearing on the incident. At the hearing, the judge stated that he had explained to the jury that each party had the same amount of time for closing arguments but the State had the option of saving part of its time for rebuttal. Toward the end of Strowmatt's closing argument, the judge briefly held up a pad of paper indicating how much time the State had remaining on rebuttal. The judge observed that a few jurors glanced over and saw him with the notepad. The judge further determined that the message on the notepad was "no more than a passing notion" and that the jurors knew that he was indicating how much time the State had reserved.

A trial court has a duty to remain impartial and refrain from making unnecessary comments or remarks. *Taylor v. State,* 602 N.E.2d 1056, 1059 (Ind.Ct.App.1992). In addition, the trial court has a duty to control the proceedings by taking responsible steps to insure proper order and discipline. *Id.* Here, the trial court's indication to the prosecutor of how much time she had remaining was reasonable. The judge did not abandon his position of impartiality and neutrality. Strowmatt has failed to show that the trial court's action caused him unfair prejudice.

Alleging that the prosecutor improperly commented on his appearance during closing argument, Strowmatt also asserts that he was placed in "a position of grave peril to which he should not have been subjected." *See Mftari v. State,* 537 N.E.2d 469, 473 (Ind.1989). However, a timely objection at trial is necessary to secure for review the issue of prosecutorial misconduct. *Id.; accord Miller v. State,* 623 N.E.2d 403, 408 (Ind.1993). Because Strowmatt failed to object at trial to the alleged misconduct, the issue is waived.

Finally, Strowmatt argues that the trial court improperly conducted the hearing on the petition to revoke his probation. Any error in the probation revocation proceeding is not a proper issue on appeal of Strowmatt's conviction in the present case. As the State points out, such an error should be raised in an appeal of Strowmatt's probation revocation.

Nevertheless, the trial court properly conducted a hearing on the petition to revoke Strowmatt's probation. A trial court must conduct a hearing on the alleged violation of a condition to revoke. IND. CODE § 35–38–2–3(d) (1993 Ed.); *Dalton v. State,* 560 N.E.2d 558, 559 (Ind.Ct.App.1990). The State has the burden of proving a violation of probation by a preponderance of the evidence, and the evidence must be presented in open court. At the hearing, the probationer is entitled to confrontation, cross-examination, and representation by counsel. IND. CODE § 35–38–2–3(e).

The State alleged in its petition that Strowmatt had violated his probation by molesting M.G., in the instant case. As a matter of judicial economy, the court stated that it would hear the evidence at trial as evidence in the probation revocation proceedings and then determine whether Strowmatt violated the terms of his prior probation. The court further noted that the jury would not be informed of the probation proceedings. Defense counsel then indicated he had no objections to proceeding in this manner. As required by IND. CODE § 35–38–2–3 subsection (e), Strowmatt had the opportunity to confront and cross-examine witnesses as well as the representation of counsel. After hearing the evidence presented at trial, the trial court then conducted a hearing on the petition to revoke his probation. Under these circumstances, Strowmatt has failed to show that he was deprived of any procedural rights or was prejudiced by the trial court's actions. The judgment of the trial court is affirmed.

Affirmed.

GARRARD and BAKER, JJ., concur.