**Robert L. CLARK, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 10A01–9702–CR–63.**

Court of Appeals of Indiana.

June 10, 1998.

Rehearing Denied Aug. 7, 1998.

Jeffrey D. Stonebraker, Jeffersonville, for Appellant–Defendant.

Jeffrey D. Modisett, Attorney General, Priscilla J. Fossum, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Defendant, Robert L. Clark ("Clark") appeals his convictions, after a jury trial, of Child Molesting, a class C felony[1] and Sexual Misconduct with a Minor, a class C felony.[2] We affirm in part and reverse in part.

### Issues

Clark raises five issues on appeal which we restate and consolidate into three as follows:

I. Whether the evidence is sufficient to support Clark's conviction of Child Molesting.

II. Whether Clark was denied effective assistance of counsel when his attorney failed to move for severance of the offenses prior to trial.

III. Whether the trial court erred in denying Clark's request for a mistrial.

### Facts

The facts most favorable to the judgment indicate that Clark worked in a home-based furniture refinishing business. In July, 1996, Clark was in his workshop accompanied by his six-year-old daughter, C.C. Clark removed C.C.'s pants, hung her upside down on a nail, and tickled her under her arms. Thomas Brewer ("Brewer") was on his way to the shop to speak with Clark when he heard a child screaming. When Brewer walked in the door he observed that C.C. was hanging upside down from a nail and was naked except for a shirt. When Clark saw Brewer he quickly took C.C. down from the nail and redressed her.

Approximately ten days later, Clark hired fourteen-year-old D.P. to babysit his two children. The evening before she was sched-

---

1. IND.CODE § 35–42–4–3(b).

2. IND.CODE § 35–42–4–9(b).

uled to babysit, D.P. went to Clark's house and spent the night sleeping on Clark's couch. D.P. awoke early the next morning and discovered Clark asleep on top of her. D.P. pushed him away and went to the bathroom where she discovered a "hickey" on the left side of her neck. A short time later, D.P. returned to bed. Clark awoke D.P. later that morning, pinned her to the couch, and kissed her on the face. Thereafter he placed his hands on D.P.'s breasts and attempted to place his hands in her pants. Clark stopped his advances when D.P. kicked him away. Later that day Clark asked D.P. whether she would fight back if he tried to rape her.

## Discussion and Decision

### I. Sufficiency

#### Standard of Review

■ Our standard of review for the sufficiency of evidence is well-settled. We examine only the evidence most favorable to the judgment along with all reasonable inferences to be drawn therefrom. *McLean v. State*, 638 N.E.2d 1344, 1348 (Ind.Ct.App. 1994). If substantial evidence of probative value exists to establish every material element of an offense beyond a reasonable doubt, we will affirm. *Id.* We will reverse a conviction, however, if the record does not reveal substantial evidence of probative value and there is a reasonable doubt in the minds of reasonably prudent persons. *Ferrell v. State*, 656 N.E.2d 839, 841 (Ind.Ct.App.1995).

#### Child Molesting

■ Clark contends the evidence is insufficient to support his conviction for Child Molesting. According to Clark, the mere fact that he tickled C.C. does not support a reasonable inference that the touching was done with intent to arouse or satisfy Clark's or C.C.'s sexual desires.

■ Indiana Code § 35–42–4–3(b) provides in relevant part:

A person who, with a child under fourteen (14) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of

either the child or the older person, commits child molesting, a Class C felony.

Mere touching alone is not sufficient to constitute the crime of child molesting. *Nuerge v. State*, 677 N.E.2d 1043, 1048 (Ind.Ct.App. 1997), *trans. denied.* The State must also prove beyond a reasonable doubt that the act of touching was accompanied by the specific intent to arouse or satisfy sexual desires. *Id.* The intent element of child molesting may be established by circumstantial evidence and may be inferred from the actor's conduct and the natural and usual sequence to which such conduct usually points. *Id.* (quoting *Pedrick v. State*, 593 N.E.2d 1213, 1220 (Ind.Ct.App. 1992)).

During the State's case-in-chief, Brewer testified that as he approached Clark's workshop, he heard a child screaming. When he entered the room he observed C.C. partially clothed and hanging upside down from a nail. Brewer admitted that he did not observe Clark touching C.C. and that Clark was not standing close enough to be able to touch the child. Clark said nothing to Brewer at the time, and the incident was never discussed between them. C.C. testified that while she was present with her father in his workshop, he removed all her clothing except for her shirt, placed her upside down on a nail, and tickled her under the arms. Clark took the stand in his own defense and admitted that he hung C.C. from a nail and tickled her under her arms and on her ribs, but denied that he had undressed her or that he was sexually gratified by the act.

■ In this case, the State bore the burden of demonstrating beyond a reasonable doubt that Clark's act of touching C.C. was accompanied by the specific intent to arouse or satisfy her sexual desires or those of Clark. *See Nuerge*, 677 N.E.2d at 1048. Although the foregoing facts clearly raise questions concerning the propriety of Clark's behavior, standing alone, they do not constitute substantial evidence of probative value on the element of intent. Accordingly, we are constrained to reverse Clark's conviction of Child Molesting. In addition, because we have found the evidence insufficient to sustain Clark's conviction, the double jeopardy clause precludes retrial on this count. *Stahl*

*v. State,* 686 N.E.2d 89, 94 (Ind.1997); *Williams v. State,* 685 N.E.2d 730, 734 (Ind. Ct.App.1997).[3] Thus, we reverse and remand with instructions for the trial court to vacate its judgment of conviction for Child Molesting.

## II. Effective Assistance of Counsel

### Standard of Review

 When reviewing a claim of ineffective assistance of counsel, we initially presume that counsel's representation was within the wide range of reasonable professional assistance. *Nordstrom v. State,* 627 N.E.2d 1380, 1384 (Ind.Ct.App.1994), *trans. denied.* The defendant has the burden to rebut the presumption of competency with strong and convincing evidence. *Potter v. State,* 684 N.E.2d 1127, 1131 (Ind.1997). In order to prevail on a claim of ineffective assistance of counsel, a defendant must show 1) counsel's representation was deficient, and 2) the deficient performance so prejudiced the defendant as to deprive him of a fair trial. *Id.; Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To fulfill the prejudice prong, a defendant must show that he was denied a fair and reliable trial. *Timberlake v. State,* 690 N.E.2d 243, 259 (Ind.1997).

### Severance of Offenses

 Clark contends his counsel was ineffective in failing to file a pre-trial motion to sever the counts of Child Molesting and Sexual Misconduct with a Minor. According to Clark, he was entitled to separate trials on the two charges as a matter of right because the offenses were joined solely due to the fact that they were of similar character.

 Indiana Code section 35–34–1–11(a) provides in relevant part: ·

Whenever two (2) or more offenses have been joined for trial in the same indictment or information solely on the ground that they are of the same or similar character, the defendant shall have the right to a severance of the offenses. In all other cases the court, upon motion of the defendant or the prosecutor, shall grant a severance of offenses whenever the court determines that severance is · appropriate to promote a fair determination of the defendant's guilt or innocence of each offense. . . .

Where charges are joined solely on the ground that they are of the same or similar character, the accused has an absolute right to a severance of the offenses. *Valentin v. State,* 567 N.E.2d 792, 794 (Ind.1991). In this case Clark contends and the State concedes that the two offenses are of a similar character. According to Clark, he was prejudiced by his counsel's failure to request severance because the two charges bolstered one another; thus, Clark faced an increased likelihood that the jury would convict him on both counts.

In this case, the jury was presented with evidence of two completely separate allegations of sexual misconduct against children. We agree with Clark that counsel's failure to move for severance placed him "in the difficult position of creating doubt in the minds of the jurors as to the accusations of two children, when he had an absolute right to have each offense tried separately." (Appellant's Brief at 12). Clark was entitled to have his offenses severed as a matter of right, and his counsel's failure to so move amounts to deficient performance.

 Having said that, we nonetheless observe that to obtain reversal for ineffective assistance of counsel, a defendant must demonstrate that counsel's error rendered the result of the proceeding fundamentally unfair or unreliable. *Games v. State,* 684 N.E.2d 466, 469 (Ind.1997), *modified on reh'g,* 690 N.E.2d 211. In this case, the evidence on the Sexual Misconduct with a Minor count was · substantial. D.P. positively identified Clark as the perpetrator and testified regarding the details of the offense. Her testimony was not shaken on cross-examination. In light of the considerable evidence in this case, we cannot say that counsel's error in

---

**3.** Because we reverse Clark's conviction of Child Molesting, we need not address whether the trial court erred in repositioning the witness box during C.C.'s testimony or whether counsel was ineffective in failing to object on this basis.

failing to move for severance rendered the result of Clark's trial fundamentally unfair or unreliable. Thus, we decline Clark's invitation to reverse his conviction for Sexual Misconduct with a Minor.

### III. Motion for Mistrial

#### Standard of Review

■ The trial court's determination of whether to grant or deny a mistrial is afforded great deference on appeal because the trial court is in the best position to evaluate the circumstances and their impact on the jury. *Kent v. State*, 675 N.E.2d 332, 335 (Ind.1996). A mistrial is an extreme remedy warranted only when no other curative measure will rectify the situation. *Strowmatt v. State*, 686 N.E.2d 154, 157 (Ind.Ct.App.1997). In determining whether to grant a mistrial, we consider whether the defendant was placed in a position of grave peril to which he should not have been subjected. *Id.* The gravity of the peril turns on the probable persuasive effect of the misconduct on the jury's decision, not on the degree of impropriety of the conduct. *Kent*, 675 N.E.2d at 335.

#### Mistrial

■ Clark claims the trial court erred in denying his request for a mistrial. The record reflects that during the State's case-in-chief, D.P. testified regarding a telephone conversation she had with Clark's mother-in-law, Hazel Dean ("Dean"). According to D.P., Dean informed D.P. that she should "do everything [she] can to put [Clark] away." (R. 205). Defense counsel objected and moved for a mistrial based upon the foregoing statement. After hearing arguments outside the presence of the jury, the trial court denied the motion for mistrial and instead admonished the jury as follows:

> Uh, ladies and gentlemen of the Jury, the Court had a discussion outside of your presence, and I'm going to instruct you to disregard the last sentence of the witness. It was in violation of the hearsay rule. It was inadvertent, but nonetheless, I have to direct you to disregard that.

(R. 209). According to Clark, the trial court erred because the statement by D.P. amounted to an expression of Clark's guilt which invaded the province of the jury, thereby placing him in a position of grave peril. We disagree.

■ During arguments on Clark's motion for mistrial, the trial judge commented that the witness had a "tendency to trail off" and that the statement at issue was not clearly articulated. (R. 206–07). Further, even assuming for the sake of argument that the jury was able to hear the remark, the trial court promptly admonished the jury to ignore the statement. A timely and accurate admonition is presumed to cure any error in the admission of evidence. *Heavrin v. State*, 675 N.E.2d 1075, 1084 (Ind.1996) (quoting *James v. State*, 613 N.E.2d 15, 22 (Ind.1993)). We cannot conclude that the trial court erred in denying Clark's motion for mistrial. Accordingly, we find no error.

We remand with instructions for the trial court to vacate Clark's Child Molesting conviction in accordance with this opinion. In all other respects, the judgment of the trial court is affirmed.

NAJAM and RILEY, JJ., concur.