Crescensio RODRIGUEZ, Jr.,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 34A02–0604–CR–329.

Court of Appeals of Indiana.

June 21, 2007.

Monty B. Arvin, Kokomo, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Matthew D. Fisher, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Crescensio Rodriguez ("Rodriguez") was convicted in Howard Superior Court of two counts of Class C felony child molestation. He was ordered to serve consecutive terms of four years for each conviction. Rodriguez appeals and raises the following issues, which we restate as:

I. Whether the evidence was sufficient to support Rodriguez's convictions for child molestation;

II. Whether the trial court improperly relied on Rodriguez's position of trust

with the victim as an aggravating circumstance; and,

III. Whether Rodriguez's sentence is inappropriate in light of the nature of the offense and the character of the offender.

Concluding that the evidence is sufficient to support Rodriguez's convictions and that his sentence is not inappropriate, we affirm.

## Facts and Procedural History

C.S.'s mother resided with Rodriguez and his family from the fall of 2003 to the winter of 2004. During that time, nine-year old C.S. and her sister would stay with their mother at Rodriguez's house when their mother had visitation. In January 2004, C.S. told her stepmother that Rodriguez had touched her inappropriately. As a result of C.S.'s allegations, Rodriguez was charged with two counts of Class C felony child molestation.

A bench trial was held on January 27, 2006. C.S. testified at trial and a video-taped interview taken in January 2004 was admitted into evidence. Investigating police officers Tonda Cockrell and Michael Sanders testified that Rodriguez admitted to touching C.S.'s genitals. Tr. pp. 59, 83–84. Rodriguez denied touching C.S. with the specific intent to arouse or satisfy either his or C.S.'s sexual desires. The trial court found Rodriguez guilty on both counts.

At sentencing, the trial court found that Rodriguez's violation of his position of trust with C.S. was an aggravating circumstance. Rodriguez's lack of criminal history, his honorable discharge from the armed services, and his stable employment history were found to be mitigating. The trial court concluded that the aggravating and mitigating circumstances balanced and ordered Rodriguez to serve consecutive terms of four years for each conviction, for an aggregate sentence of eight years. Rodriguez now appeals. Additional facts will be provided as necessary.

## I. Sufficient Evidence

When we review a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. *Jones v. State,* 783 N.E.2d 1132, 1139 (Ind.2003). We look only to the probative evidence supporting the judgment and the reasonable inferences therein to determine whether a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Id.* If there is substantial evidence of probative value to support the conviction, it will not be set aside. *Id.*

To convict Rodriguez of molesting nine-year old C.S., the State was required to prove that he performed or submitted to any fondling or touching, of either C.S. or himself, with intent to arouse or to satisfy his or C.S.'s sexual desires. *See* Ind.Code § 35–42–4–3(b) (2004). Rodriguez admitted to touching C.S.'s genitals. *See* Tr. pp. 59, 83–84. However, he argues that the State failed to present sufficient evidence of his intent to arouse or satisfy his sexual desires because the touching accidentally occurred while Rodriguez and C.S. were roughhousing.

■■■ Mere touching alone is not sufficient to constitute the crime of child molesting. *See Bowles v. State,* 737 N.E.2d 1150, 1152 (Ind.2000) (citing *Clark v. State,* 695 N.E.2d 999, 1002 (Ind.Ct.App.1998), *trans. denied* ). The State must also prove beyond a reasonable doubt that the act of touching was accompanied by the specific intent to arouse or satisfy sexual desires. *Clark,* 695 N.E.2d at 1002. "The intent to arouse or satisfy the sexual desires of the child or the older person may be established by circumstantial evidence and may be inferred 'from the actor's conduct and the natural and usual sequence to which

such conduct usually points.'" *Kanady v. State*, 810 N.E.2d 1068, 1069–70 (Ind.Ct. App.2004) (quoting *Nuerge v. State*, 677 N.E.2d 1043, 1048 (Ind.Ct.App.1997), *trans. denied*).

■ C.S. testified that Rodriguez touched her "privates" with his hand several times. Tr. p. 36. In her videotaped statement, C.S. stated that approximately two weeks after her mother moved into the Rodriguez home, he began to pull her pants down. He would grab her "privates" when they were alone in the kitchen or other areas of the house. Ex. Vol., State's Ex. 1. On one occasion, Rodriguez offered C.S. three dollars if she would go to the basement and take off all of her clothes. *Id.* This evidence is sufficient to establish that Rodriguez touched C.S. with the intent to arouse or satisfy his sexual desires. *See Sanchez v. State*, 675 N.E.2d 306, 311 (Ind.1996) ("Intentional touching of the genital area can be circumstantial evidence of intent to arouse or satisfy sexual desires."). Accordingly, we conclude that Rodriguez's Class C felony child molesting convictions are supported by sufficient evidence.

## II. Position of Trust Aggravator

Citing *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), Rodriguez argues that the trial court improperly identified "position of trust" as an aggravating circumstance because the aggravator was not found by a jury beyond a reasonable doubt. Our supreme court has held that *Blakely* impacts Indiana's sentencing scheme and that any facts, other than criminal history and those admitted by a defendant, used to enhance

a sentence *above the presumptive term* must be found by a jury beyond a reasonable doubt. *See Smylie v. State*, 823 N.E.2d 679, 683–85 (Ind.2005) (emphasis added).

■ In this case, the trial court found that the "position of trust" aggravator and the three mitigating circumstances balanced and imposed the presumptive sentence of four years for each Class C felony conviction.[1] Here, the trial court did not rely on the aggravator to enhance Rodriguez's sentence beyond the presumptive four-year term, and so the rule announced in *Blakely* does not apply. *See Wieland v. State*, 848 N.E.2d 679, 683 n. 5 (Ind.Ct. App.2006), *trans. denied.* We also observe that the imposition of consecutive sentences does not implicate *Blakely*. *Plummer v. State*, 851 N.E.2d 387, 390 (Ind.Ct. App.2006) (citing *Smylie*, 823 N.E.2d at 686).

■ Moreover, the trial court did not abuse its discretion when it considered Rodriguez's position of trust with C.S. as an aggravating circumstance. Sentencing determinations are within the discretion of the trial court. *Ruiz v. State*, 818 N.E.2d 927, 928 (Ind.2004). "When a trial court finds aggravating or mitigating circumstances, it must make a statement of its reasons for selecting the sentence imposed." *Frey v. State*, 841 N.E.2d 231, 234 (Ind.Ct.App.2006). Yet, the trial court need not set forth its reasons when imposing the presumptive sentence. *Id.* However, if the trial court finds aggravating and mitigating circumstances, concludes they balance, and imposes the presumptive sentence, then pursuant to Indiana Code section 35–38–1–3, the trial court must

1. In 2005, in response to *Blakely*, our General Assembly amended the sentencing statutes to provide for advisory rather than presumptive sentences. Because Rodriguez committed these offenses prior to the enactment of those new statutes, we apply the prior version. *See Creekmore v. State*, 853 N.E.2d 523, 528–29 (Ind.Ct.App.2006); Ind.Code § 35–50–2–6 (2004 & Supp.2006).

provide a statement of its reasons for imposing the presumptive sentence. *Id.*

Indiana Code section 35–38–1–7.1 lists several aggravating circumstances a trial court may consider in imposing a sentence. Although position of trust is not specifically listed as a circumstance in that section, the statute also provides that courts are not limited to consideration of those enumerated circumstances in imposing a sentence.

 The position of trust aggravator is frequently cited by sentencing courts where an adult has committed an offense against a minor and there is at least an inference of the adult's authority over the minor. Moreover, this aggravator applies in cases where the defendant has a more than casual relationship with the victim and has abused the trust resulting from that relationship. This is usually the case where the defendant is the victim's mother, father or stepparent. *See e.g. Plummer,* 851 N.E.2d at 390; *Kincaid v. State,* 839 N.E.2d 1201, 1205 (Ind.Ct.App.2005); *Devries v. State,* 833 N.E.2d 511, 515 (Ind. Ct.App.2005), *trans. denied, disapproved of on other grounds by Ryle v. State,* 842 N.E.2d 320 (Ind.2005). Consideration of this aggravator may be appropriate where the defendant is the victim's day care provider. *See e.g. Trusley v. State,* 829 N.E.2d 923, 926–27 (Ind.2005). In addition, our court has held that consideration of the position of trust aggravator was appropriate where the child molest victim was spending the night with the defendant's daughter at the defendant's residence and the defendant admitted that the victim "trusted [him] when she spent the night at [his] house." *See Hines v. State,* 856 N.E.2d 1275, 1280–81 (Ind.Ct.App. 2006), *trans. denied.*

 Generally, cohabitation arrangements of nearly any character between adults do in fact, and should, establish a position of trust between the adults and minors living or staying together. In this case, C.S.'s mother was residing with Rodriguez and his family, and C.S.'s visitation with her mother occurred in his home. Rodriguez frequently interacted with and played with C.S. Rodriguez would also provide transportation for C.S. and her sister during their visitation with their mother. Tr. p. 100. C.S. spent a significant amount of time in Rodriguez's home and in his presence. We therefore conclude that the trial court did not abuse its discretion when it identified Rodriguez's violation of his position of trust with C.S. as an aggravating circumstance.

## III. Inappropriate Sentence

 Lastly, Rodriguez argues that his aggregate eight-year sentence is inappropriate in light of the nature of the offense and the character of the offender. Appellate courts have the constitutional authority to revise a sentence if, after consideration of the trial court's decision, the court concludes the sentence is inappropriate in light of the nature of the offense and character of the offender. Ind. Appellate Rule 7(B) (2007); *Marshall v. State,* 832 N.E.2d 615, 624 (Ind.Ct.App.2005), *trans. denied.*

 Concerning the nature of the offense, we observe that Rodriguez touched nine-year-old C.S.'s genitals on several occasions over the course of a few months. In doing so, he violated the position of trust he held with C.S. After considering the aggravating and mitigating circumstances of this case, the trial court acknowledged that neither Rodriguez's offense nor character qualifies as the worst of the worst. Tr. p. 150. Therefore, the trial court determined that imposition of the presumptive sentence for each conviction was appropriate. We agree and conclude that Rodriguez's aggregate eight-

year sentence is not inappropriate in light of the nature of the offense and the character of the offender.

### Conclusion

Sufficient evidence supports Rodriguez's Class C felony child molesting convictions. The trial court did not abuse its discretion when it identified Rodriguez's violation of his position of trust with C.S. as an aggravating circumstance, and Rodriguez's aggregate eight-year sentence is not inappropriate.

Affirmed.

NAJAM, J., concurs.

MAY, J., dissents with separate opinion.

MAY, Judge, dissenting.

"[T]hat which cannot be used to enhance a sentence cannot be used to 'balance' circumstances that may properly serve to reduce the sentence as mitigators." *Laughner v. State*, 769 N.E.2d 1147, 1162 (Ind.Ct.App.2002), *reh'g denied, trans. denied* 783 N.E.2d 701 (Ind.2002), *cert. denied* 538 U.S. 1013, 123 S.Ct. 1929, 155 L.Ed.2d 849 (2003), *abrogated on other grounds by Fajardo v. State*, 859 N.E.2d 1201 (Ind.2007). The trial court imposed the presumptive sentence but it did so only after finding and using the "position of trust" aggravator to balance the mitigating circumstances it found. I therefore cannot agree with the majority that *Blakely* can be disregarded and must respectfully dissent.

In *Blakely*, the Supreme Court held the Sixth Amendment requires a jury to determine beyond a reasonable doubt the existence of aggravating factors used to increase a sentence above the presumptive sentence assigned by the legislature. 542

U.S. at 301, 124 S.Ct. 2531. In *Smylie*, our Indiana Supreme Court held *Blakely* applies to Indiana's sentencing scheme, and thus requires "the sort of facts envisioned by *Blakely* as necessitating a jury finding must be found by a jury under Indiana's existing sentencing laws." 823 N.E.2d at 686. In 2005, the legislature amended Indiana's sentencing statutes in light of *Blakely* and *Smylie*.

Rodriguez committed his offenses in December 2003 and January 2004. Therefore, we must consider his sentence under the prior sentencing scheme. *See Weaver v. State*, 845 N.E.2d 1066, 1072 (Ind.Ct. App.2006) (amendments to sentencing scheme may not be applied retroactively), *trans. denied* 855 N.E.2d 1011 (Ind.2006). An aggravating circumstance is proper under *Blakely* when it is: 1) a fact of prior conviction; 2) found by a jury beyond a reasonable doubt; 3) admitted or stipulated by a defendant; or 4) found by a judge after the defendant consents to judicial fact-finding. *Trusley v. State*, 829 N.E.2d 923, 925 (Ind.2005).

In sentencing Rodriguez, the trial court found C.S. was "very clearly in a position of trust and the defendant's violation of that trust was an aggravating factor, no question that that's an aggravating factor." (Tr. at 149.) The trial court also found three mitigators: his lack of criminal history, his honorable discharge from the armed services, and his stable employment history. The court determined the aggravator and mitigators balanced, and sentenced Rodriguez to presumptive four-year terms on each count.

Because Rodriguez did not consent to judicial fact-finding for sentencing purposes,[2] the position of trust aggravator

---

**2.** The record indicates Rodriguez waived his right to a jury trial on September 22, 2005;

the record does not indicate he specifically consented to judicial fact-finding for sentenc-

needed to be supported by his admissions. It was not.

Rodriguez testified C.S.'s mother lived with his family for about three months. C.S. stayed with her mother in Rodriguez's house when she visited. Some of the visits were overnight. Until C.S.'s mother bought her own car, Rodriguez drove C.S.'s mother to and from C.S.'s father's house to pick up C.S. and her sister for the visits. Rodriguez stated he played with C.S. while other people were present. Based solely on these admissions, I am unable to say Rodriguez was in a position of trust. This aggravator was improper under *Blakely*, and I would remand for resentencing.

ing purposes as well. *See Averitte v. State,* 824 N.E.2d 1283, 1287–88 (Ind.Ct.App.2005) (waiver of jury trial did not include waiver of *Blakely* sentencing rights absent specific advisement of those rights).