**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 16 2013, 7:03 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KRISTIN A. MULHOLLAND**
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DELFORD W. JONES,          )
                          )
    Appellant-Defendant,          )
                          )
      vs.          )          No. 45A03-1209-CR-401
                          )
STATE OF INDIANA,          )
                          )
    Appellee-Plaintiff.          )

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Diane Ross Boswell, Judge
Cause No. 45G03-1011-FC-115

**July 16, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Delford W. Jones ("Jones") appeals his convictions for child molesting,[1] a Class C felony and sexual battery,[2] a Class D felony, contending that there was insufficient evidence of his intent to arouse or satisfy either his sexual desires or those of V.F. to support his convictions. Concluding that the State failed to prove this element, we reverse Jones's convictions for Class C felony child molesting and Class D felony sexual battery and remand with instructions that the trial court enter judgment of conviction for Class B misdemeanor battery and re-sentence as appropriate.

We reverse and remand with instructions.

### FACTS AND PROCEDURAL HISTORY

In the fall of 2010, Jones, who had blood pressure issues, and his wife, Alice, who had suffered two strokes, were receiving home care from Charlene, a registered nurse who had known Jones and his family for ten years. On October 22, 2010, Charlene was not scheduled to work. However, at the request of Jones's daughter, Charlene and her thirteen-year-old daughter, V.F., stopped by the house to check on Alice; this was something V.F. had done with her mother four or five times previously.

About forty-five minutes later, Charlene left to buy V.F. dinner, while V.F. stayed in the Jones's living room drawing pictures for Alice. While V.F. did not typically do chores at the Jones's house, at Jones's request, she carried a bottle of detergent to the basement. Jones asked V.F. to load the dirty clothes into the washer, and as she bent over to do so, Jones "slapped [her] butt." *Tr.* at 59. V.F. continued to load the washer, but as

---

[1] *See* Ind. Code § 35-42-4-3(b).

[2] *See* Ind. Code § 35-42-4-8.

2

she stood up, Jones put his arms around V.F. and hugged her so that she was facing him and her feet were off the ground. Jones gave V.F. a kiss that made contact with her cheek when she turned her head.[3] Jones then picked V.F. up, and saying that he wanted to show V.F. something, tried to carry her to the side of the basement where, V.F. testified, she knew there was a bed. *Id*. at 60, 78, 92. After wriggling free from Jones and from the hold he had on her arm, V.F. ran upstairs. Jones remained in the basement for five additional minutes. Charlene returned about ten minutes later and found Jones in the kitchen and V.F. in the living room with Alice. Charlene noticed that Alice was upset, but Alice's physical limitations from past strokes prevented Alice from speaking.

V.F. told her mother about the incident after they had left Jones's home. The next day, Charlene confronted Jones and asked him to write down what happened. In the letter, Jones said that he felt badly about "teasing" V.F., that he had done what V.F. reported, and that he was sorry "if [V.F.] thought [he] was being any way sexual." *Def.'s Ex*.1-B. Charlene reported the incident to the police and gave Jones's letter to the police. A detective from the Griffin Police Department interviewed V.F., Charlene, Jones and Jones's daughter.

Jones was charged with child molesting, a Class C felony, and sexual battery, a Class D felony. A jury returned a verdict of guilty on both counts. The trial court, however, found that the Class D sexual battery conviction merged with the child molesting conviction and imposed a four-year sentence, two years of which were

---

[3] On cross examination, the State asked V.F., "Okay. Your testimony was today that he maybe tried to kiss you on the mouth, what do you mean by maybe"? *Tr*. at 79. V.F. answered, "I don't know where he was trying to go, but when I moved my head he got me on the cheek." *Id*.

3

suspended to probation.  Jones now appeals.

## DISCUSSION AND DECISION

"It is well established that where a defendant is challenging the sufficiency of the evidence to support a conviction, we neither reweigh the evidence nor judge the credibility of the witnesses, and we affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt."  *Prickett v. State*, 856 N.E.2d 1203, 1206 (Ind. 2006) (internal quotation marks omitted).  The fact finder bears the responsibility for determining whether the evidence in a given case is sufficient to satisfy each element of an offense, and we consider conflicting evidence in the light most favorable to the trial court's ruling.  *Id*.  We will reverse a conviction, however, if the record does not reveal substantial evidence of probative value, and there is a reasonable doubt in the minds of reasonably prudent persons.  *Clark v. State*, 695 N.E.2d 999, 1002 (Ind. Ct. App. 1998), *trans. denied*.

On appeal, Jones contends that the State presented insufficient evidence of the required element that he "acted with the intent to arouse or satisfy either his sexual desires or those of V.F."  *Appellant's Br*. at 6.  The State had to prove this element in order to convict Jones of child molesting[4] and sexual battery.[5]  Mere touching alone is not

---

[4] The child molesting statute provides in pertinent part:  "A person who, with a child under fourteen (14) years of age, performs or submits to any fondling or touching, of either the child or the older person, *with intent to arouse or to satisfy the sexual desires of either the child or the older person*, commits child molesting, a Class C felony."  Ind. Code § 35-42-4-3(b) (emphasis added).

[5] The sexual battery statute provides in pertinent part:

4

sufficient to satisfy the burden of proving the crime of child molesting or sexual battery; the State must also prove that the act of touching was accompanied by the specific intent to arouse or satisfy sexual desires. *Rodriguez v. State*, 868 N.E.2d 551, 553 (Ind. Ct. App. 2007). "The intent to arouse or satisfy the sexual desires of the child or the older person may be established by circumstantial evidence and may be inferred from the actor's conduct and the natural and usual sequence to which such conduct usually points." *Id*. at 553-54 (citations omitted) (internal quotation marks omitted).

Jones, who was seventy-five at the time of the alleged incident, maintains that while it may have been inappropriate for him to slap a thirteen-year-old girl on the bottom, kiss her cheek, and carry her to the basement stairs, his action was not sexual in nature, *i.e.*, there was no proof that he acted with intent to satisfy or arouse anyone's sexual desires. *Appellant's Br*. at 6. The State responds that there "is no innocent motive here for slapping a thirteen-year-old girl's buttocks and hugging her tightly so that he could kiss her." *Appellee's Br*. at 8. The State fails to point to any evidence in the record or any inference to be drawn from such evidence to demonstrate that such slapping and hugging was done with the intent to arouse or satisfy sexual desires.

Jones cites to *Clark*, as support for his claim that the evidence of intent to arouse

---

(a) A person who, *with intent to arouse or satisfy the person's own sexual desires or the sexual desires of another person*:
      (1) touches another person when that person is:
            (A) compelled to submit to the touching by force or the imminent threat of force; or
            (B) so mentally disabled or deficient that consent to the touching cannot be given; []
    . . . .
commits sexual battery, a Class D felony.

Ind. Code § 35-42-4-8 (emphasis added).

was insufficient. In that case, Clark appealed, in pertinent part, the sufficiency of the evidence to support his conviction of child molesting. *Clark*, 695 N.E.2d at 1001. The facts underlying that conviction were that Clark was in his workshop with his six-year-old daughter C.C. *Id*. There, he "removed C.C.'s pants, hung her upside down on a nail, and tickled her under the arms." *Id*. A customer approaching the shop heard C.C. screaming. Thereafter, the customer observed that C.C. was hanging upside down and was naked except for a shirt. *Id*. When Clark saw the customer, he took C.C. down and redressed her. Based on these facts, our court found insufficient evidence of the element of intent to arouse or satisfy Clark or C.C.'s sexual desires. This court found that while the actions raised a question of "propriety of Clark's behavior, standing alone, they do not constitute substantial evidence of probative value on the element of intent." *Id*. at 1002. Accordingly, our court was "constrained to reverse Clark's child molesting conviction." *Id*.

Here, the State maintains that:

> [Defendant] performed intentional sexual acts on [V.F.]. Defendant slapped her on the buttocks in a provocative manner as she bent over to do the laundry. There was no reason for Defendant to have done this other than to engage V.F. sexually. But, Defendant did not stop there. He proceeded to hug V.F. so tightly—in a "bear hug"—that he lifted her off the ground and then he kissed her. From these acts, the jury could reasonably conclude that Defendant intended sexual arousal. The fact that V.F. was able to thwart Defendant's actions by turning away from him and later escaping from his grasp does not negate Defendant's intent. It is reasonable to infer that Defendant would have continued to touch or fondle V.F. if she had not escaped his grasp and fled up the stairs.

*Appellee's Br*. at 7 (citations omitted).

The State argues that *Clark* is inapposite because Jones is not "V.F.'s father or

grandfather and there was no testimony that Jones is related to V.F. at all. There was also *no testimony that he had established the kind of relationship with V.F.* where his slapping of the child's buttocks could be viewed as playful and his kiss could be viewed as innocent." *Id.* at 7-8 (emphasis added). Contrary to the State's contention, Jones did not have the burden of proving that his relationship with V.F. was such that the slap was merely playful; instead, the State had to "prove beyond a reasonable doubt that the act of touching was accompanied by the specific intent to arouse or satisfy sexual desires." *Bass v. State*, 947 N.E.2d 456, 460 (Ind. Ct. App. 2011), *trans. denied*.

In closing argument, the State made the following statements:

[V.F.] went down into the basement of the home of the defendant to help him wash clothes, something she had never done before; and while she's there, while she's down there helping him, bending over to put those clothes into the washing machine, the defendant smacks her butt, not an accidental brush, not a kind of pat, smacks her butt. *That, ladies and gentlemen, arises to the level of child molestation.*

We will talk about intent more. The defense will argue to you there's no sexual desire of intent [sic], but the elements are that the defendant, Delford Jones, with the intent to arouse or satisfy the sexual desires of him or [V.F.] when [V.F.] was a child . . . under 14 years of age—remember she was 13 at the time—knowingly performed or submitted to any fondling or touching of either the child, [V.F.], or the defendant.

The smacking of the butt, we talked about this in jury selection. Smacking of the butt can be fondling. It can be touching, and then after he does that, he picks her up in a bear-hug fashion facing face to face and he carries her, and at some point he tries to kiss her. [V.F.] can't say whether or not, yes, he's trying to kiss her on the mouth, but she says when she turns her head, he gets her on the side of her face.

[V.F.]'s hugged. She can't really move at that point, and he tries to kiss her. She has to wiggle free. He holds her arm to try to come see something on the other side of the basement. *That, ladies and gentlemen, is sexual battery. . . .*

7

*Tr.* at 163-64.

In *McCoy v. State*, 574 N.E.2d 304 (Ind. Ct. App. 1991), we reviewed a prosecutor's statement during closing arguments that the defendant's admission that he kissed a fifteen-year-old child was sufficient by itself to obtain a conviction for child molesting by fondling and touching. We concluded that the prosecutor misstated the law. *McCoy*, 574 N.E.2d at 308. As support, we cited *DeBruhl v. State*, 544 N.E.2d 542 (Ind. Ct. App. 1989), and noted that "'kissing on the neck even coupled with removal of clothing is *not* sufficient to support a conviction for child molesting by fondling and touching because the intent element is not met.'" *McCoy*, 574 N.E.2d at 308 (quoting *DeBruhl*, 544 N.E.2d at 546) (emphasis in original).

Thereafter, we clarified that the inappropriateness of the *McCoy* prosecutor's comment arose, not because the prosecutor focused on the act of kissing, but instead because the prosecutor "misrepresented that the act of kissing a child constituted child molesting without considering the intent of that act." *Nuerge v. State*, 677 N.E.2d 1043, 1049 n.3 (Ind. Ct. App. 1997), *trans. denied.* Like the comments of the *McCoy* prosecutor, here, the State's closing remarks failed to truly address Jones's intent to arouse. However, finding as we do that the evidence of intent to arouse was insufficient to support Jones's convictions, we do not address the issue of prosecutorial misconduct.

This is a troubling case. We do not condone Jones's actions. At the very least, they were inappropriate. Nevertheless, the State had the burden to prove much more than inappropriate conduct. Its burden was to prove beyond a reasonable doubt that Jones had

8

the intent to arouse or satisfy either his sexual desires or those of V.F. at the time he slapped her buttocks, carried her in a bear hug, and kissed her. The State failed in its burden. Accordingly, we must reverse Jones's convictions for child molesting and sexual battery.

However, when a conviction is reversed because of insufficient evidence, we may remand to the trial court to enter a judgment of conviction upon a lesser-included offense if the evidence is sufficient to support the lesser offense. *Perry v. State*, 962 N.E.2d 154, 159 (Ind. Ct. App. 2012); *Ball v. State*, 945 N.E.2d 252, 258 (Ind. Ct. App. 2011), *trans. denied*. Indiana Code section 35-42-2-1(a) provides, "[a] person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor." "Evidence of touching, however slight, is sufficient to support a conviction for battery." *Ball*, 945 N.E.2d at 258 (citing *Mishler v. State*, 660 N.E.2d 343, 348 (Ind. Ct. App. 1996)). The evidence at trial was that Jones slapped V.F. on the bottom, carried her in a bear hug, kissed her, and grabbed her arm as V.F. tried to flee upstairs. The rude nature of the touching can be inferred because V.F. did not desire that Jones take any of these actions. *See Ball*, 945 N.E.2d at 258 (evidence of kiss that was "not desire[d]" was sufficient to prove Class B misdemeanor battery). We conclude the evidence presented at trial was sufficient to prove Jones committed battery as a Class B misdemeanor. *See Perry*, 962 N.E.2d at 169 (reversing sexual battery conviction for insufficient evidence but remanding for entry of judgment of conviction of battery); *Ball*, 945 N.E.2d at 258 (reversing sexual battery conviction for insufficient evidence but remanding for entry of judgment of conviction of battery). We, therefore, reverse Jones's

convictions for Class C felony child molesting and Class D felony sexual battery and remand with instructions that the trial court enter judgment of conviction for Class B misdemeanor battery and re-sentence as appropriate.

Reversed and remanded with instructions.

VAIDIK, J., and PYLE, J. concur.