## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 05 2019, 6:06 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Valerie K. Boots
Megan Shipley
Marion County Public Defender Agency
– Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Marcus Lloyd,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 5, 2019

Court of Appeals Case No.
18A-CR-2649

Appeal from the Marion Superior Court

The Honorable David J. Certo, Judge

Trial Court Cause No.
49G12-1804-CM-13965

**Mathias, Judge.**

[1] Marcus Lloyd ("Lloyd") was convicted in the Marion Superior Court of Class B misdemeanor disorderly conduct.[1] Lloyd now appeals arguing the evidence was insufficient to rebut his claim of self-defense.[2]

[2] We affirm.

## Facts and Procedural History

[3] In the early morning hours of April 15, 2018, a fight broke out at Blu Nightclub located at the corner of Louisiana Street and Meridian Street in Indianapolis. Marcus Lloyd ("Lloyd") worked security at the Blu Nightclub on the night of the incident. Lloyd had finished his shift and upon exiting the club, Lloyd saw ten to fifteen people fighting. There was loud music playing from the club, and the street was full of people leaving the club. Lloyd attempted to break up the fight and as a result got involved in an altercation with Albert Germany ("Germany").

[4] Indianapolis Metropolitan Police Officer Matthew Plummer ("Officer Plummer") and other officers were about half a block away when they noticed the fight. Officer Plummer was standing about thirty to forty feet away from the crowd when he deployed ten to fifteen rounds of pepper balls toward the ground in efforts to disperse the crowd. After the first round of pepper balls,

---

[1] "Engages in fighting or in tumultuous conduct." *See* Ind. Code § 35-45-1-3(a)(1).

[2] In his brief, Lloyd also argued that the trial court abused its discretion at sentencing by failing to conduct an indigency hearing. The trial court has since held an indigency hearing, and the issue is now moot. Notice of Post-Judgment Change in Circumstances pp. 1–2.

around "90 percent of the people dispersed." Tr. p. 12. Officer Plummer observed that Lloyd and Germany continued "throwing punches and [were] still fighting." *Id.*

The officers gave commands to Lloyd and Germany to stop fighting, but they did not comply. After the "pushing and shoving and throwing the punches" did not cease, Officer Plummer fired additional pepper balls in Lloyd and Germany's direction. Tr. p. 13. When Officer Plummer was about five feet away, both Lloyd and Germany stopped fighting and "basically hugged it out. . . [and] held onto each other." *Id.* The officers handcuffed both men and took them into custody. Officer Plummer estimated the whole incident lasted one to one-and-a-half minutes from the start of the fight until the arrest.

On April 27, 2018, the State charged Lloyd with Class B misdemeanor disorderly conduct. A bench trial was held on October 4, 2018. At trial, Lloyd argued his actions were justified under Indiana's self-defense laws because he was protecting himself and others. Lloyd was found guilty as charged.[3] The same day, the trial court sentenced Lloyd to 180 days in the Marion County jail, with 178 days suspended to probation. The court imposed court costs and probation fees totaling $405.00.[4] On April 23, 2019, the court held an indigency

---

[3] Albert Germany was also charged with one count of disorderly conduct. Lloyd and Germany were tried together, and Germany was found not guilty.

[4] Court costs of $185.00 and probation fees of $220.00.

hearing, reducing Lloyd's total fees and costs from $405 to $200. Lloyd now appeals.

## Discussion and Decision

[7] Lloyd contends only that the evidence is insufficient to rebut his claim of self-defense. The standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the evidence claim: a reviewing court neither reweighs the evidence nor judges the credibility of the witnesses, and if there is sufficient evidence of probative value to support the judgment, the judgment will not be disturbed. *McCullough v. State*, 985 N.E.2d 1135, 1138–39 (Ind. Ct. App. 2013), *trans. denied*. The court examines "only the evidence most favorable to the judgment along with all reasonable inferences to be drawn therefrom." *Clark v. State*, 695 N.E.2d 999, 1002 (Ind. Ct. App. 1998). "If a defendant is convicted despite his or her claim of self-defense, [an appellate court] will reverse only if no reasonable person could say that self-defense was negated by the State beyond a reasonable doubt." *Weedman v. State*, 21 N.E.3d 873, 892 (Ind. Ct. App. 2014), *trans. denied.*

[8] To convict Lloyd of Class B misdemeanor disorderly conduct, the State had to show that Lloyd: (1) recklessly, knowingly, or intentionally; (2) engaged; (3) in fighting or tumultuous conduct. Ind. Code § 35-45-1-3(a)(1). Lloyd does not dispute the fact that he engaged in fighting but alleges he acted in self-defense. We disagree.

[9] Indiana's self-defense statute provides, "A person is justified in using reasonable force against any other person to protect the person or a third person from what the person reasonably believes to be the imminent use of unlawful force." Ind. Code § 35-41-3-2(c). In order to prevail on a claim of self-defense, a defendant must show that he: "(1) was in a place where he had a right to be; (2) did not provoke, instigate, or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm." *Simpson v. State*, 915 N.E.2d 511, 514 (Ind. Ct. App. 2009), *trans. denied*. When a claim of self- defense is raised and finds support in the evidence, the State then has the burden of negating at least one of the elements. *Cole v. State*, 28 N.E.3d 1126, 1137 (Ind. Ct. App. 2015). The State may meet this burden by rebutting the defense directly, by affirmatively showing the defendant did not act in self-defense, or by simply relying upon its evidence in chief. *Miller v. State*, 720 N.E.2d 696, 700 (Ind. 1999). We conclude that there was sufficient evidence to rebut Lloyd's claim of self-defense since Lloyd participated willingly in the violence.

[10] Here, Lloyd testified that he "got in between a couple people, grabbed them, pulled them away." Tr. p. 20. Lloyd continued to throw punches at Germany even after law enforcement officers arrived at the scene.

[11] Our Indiana Supreme Court has held that "a person is not justified in using force if. . . the person has entered into combat with another person or is the initial aggressor, unless the person withdraws from the encounter and communicates to the other person the intent to do so and the other person nevertheless continues or threatens to continue unlawful action." *Wilson v.*

*State*, 770 N.E.2d 799 (Ind. 2002) (quoting Ind. Code § 35-41-3-2(e)(3) (2002). Here, once the officers arrived on the scene, dispersed the crowd, and issued commands to stop fighting, Lloyd had the responsibility to disengage and withdraw from the fight. Lloyd was required to withdraw as a precondition for a claim for self-defense. Lloyd ignored the officers' requests multiple times and continued fighting. Additionally, a reasonable person would not fear death or great bodily harm in the presence of uniformed officers that were stopping the fight. Lloyd was a willing participant in the fight, and his force was unwarranted under the circumstances. Therefore, this evidence is sufficient to rebut Lloyd's claim of self-defense.

## Conclusion

[12] Based on the facts and circumstances before us, the evidence presented was sufficient to rebut Lloyd's claim of self-defense. Accordingly, we affirm Lloyd's conviction for disorderly conduct.

May, J., and Brown, J., concur.