**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 22 2015, 10:10 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ROBERT J. HARDY**
Squiller & Hardy
Auburn, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHRISTINA D. PACE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JASON LEE SCHWARTZ, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 17A04-1404-CR-202 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DeKALB SUPERIOR COURT
The Honorable Monte L. Brown, Judge
Cause No. 17D02-1206-FB-32

**January 22, 2015**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issue

Following a jury trial, Jason Schwartz was convicted of five counts of sexual misconduct with a minor, all Class B felonies; three counts of child molesting, all Class A felonies; one count of attempted child molesting, a Class A felony; and one count of attempted sexual misconduct with a minor, a Class B felony. He was also found to be an habitual offender. He was ordered to serve an aggregate sentence of 187 years in the Indiana Department of Correction ("DOC"). He raises one issue for our review: whether his aggregate sentence is inappropriate in light of the nature of his offenses and his character. Concluding that Schwartz's sentence is not inappropriate, we affirm. Also concluding, however, that the trial court erroneously imposed two habitual offender enhancements, we remand for the abstract of judgment to be corrected.

## Facts and Procedural History

Schwartz, twenty-nine years old, began living in the home of M.K. and her brother, J.K., at the end of 2011. He was supposed to supervise them for their mother who was rarely home. During the spring of 2012,[1] M.K. had several friends come over to the house: K.G., K.S., J.A., H.C., and C.G. Although these girls were in junior high school, Schwartz engaged in sexual activity with all of them.

During the spring of 2012, when M.K. was fourteen years old, Schwartz gave M.K. a tattoo on her leg. One day, Schwartz and M.K. were in her room, and she gave him oral sex. Eventually, Schwartz had sex with M.K. nearly every day that no one else was home.

---

[1] Evidence presented at trial showed that all of Schwartz's offenses occurred between March 17 and June 13, totaling an eighty-eight day period.

When doing so, Schwartz did not use protection, and that worried M.K. about getting pregnant. Schwartz's semen and DNA were found on M.K.'s bed during a search of the home.

K.G. used to go over to M.K.'s house all the time and met Schwartz in the early part of 2012 when she was thirteen years old. While K.G. was visiting the house one day, Schwartz brought K.G. some tequila and gave her two tattoos without her parents' consent. He gave her two more tattoos the next day, close to her vagina. Schwartz then threatened to tell K.G.'s parents unless she paid him fifty-five dollars. After K.G. told Schwartz that she had no money, Schwartz told her she needed to find a way to pay him. Schwartz told K.G. that she "was gonna have sex with him or he was gonna beat the shit out of [her]." Transcript at 400. Because K.G. did not want to get beaten, she laid on the bed and let Schwartz have sex with her.

K.S. was M.K.'s cousin and was thirteen years old when she met Schwartz. Two days before K.S.'s fourteenth birthday, Schwartz brought her to M.K.'s house and gave her a tattoo without her parents' consent. Afterwards, they went into M.K.'s bedroom and started kissing. Schwartz put his arms around K.S.'s waist and laid on top of her on the bed. His legs were between her legs, and he asked K.S. to have sex. She said no and walked out of the house.

J.A. was thirteen years old when Schwartz wanted to have sex with her. One day while at the house, J.A. went into Schwartz's room, took her clothes off, and gave him oral sex. He then started to pull her underwear off to have sex with her. She said no. On a different occasion when J.A. was at the house, she was laying on J.K.'s bed because she

3

did not feel well. Schwartz asked her if he could "play with [her]" and got into the bed. Id. at 484. He then pulled her underwear down and had sex with her.

H.C. met Schwartz at the house. One night, after watching a movie with M.K. and Schwartz, H.C. felt Schwartz's hand in her pants underneath her underwear. She told Schwartz to never touch her. Schwartz grabbed her arm and said, "just let me finger you." Id. at 563.

C.G. was fourteen years old when she met Schwartz. At one point, Schwartz asked C.G. to get him marijuana. Another time, Schwartz told C.G. and M.K. that he wanted to watch them have sex together. Schwartz texted C.G., and he and C.G. had sex on the ground behind the bowling alley. Another night, C.G. was at the house for a bonfire, and after going to sleep, she woke up with Schwartz on top of her. Her shorts and underwear had been pulled off, and Schwartz's penis was inside of her.

Schwartz was arrested on June 13, 2012. The State charged him with twelve felony counts and two habitual offender enhancements based on prior felony convictions. Following a jury trial, Schwartz was found guilty of the following: Counts I, II, and III, sexual misconduct with M.K., all Class B felonies; Count IV, child molesting with K.G., a Class A felony; Count V, attempted child molesting with K.S., a Class A felony; Counts VI and VII, child molesting with J.A., both Class A felonies; Count VIII, attempted sexual misconduct with H.C., a Class B felony; and Count XI and XII, sexual misconduct with C.G., both Class B felonies. Out of the presence of the jury, Schwartz then admitted that he had two prior felony convictions, and the trial court found that Schwartz was an habitual offender as alleged in Count IV and Count VII.

4

At Schwartz's sentencing hearing, the court found no mitigating factors, but several aggravating factors, including that Schwartz was in a position of trust with M.K. when he committed his offenses, he had a significant criminal history, and he was likely to re-offend. The court sentenced Schwartz to fifteen years each for Counts I-III relating to M.K., all to run concurrently; forty years for Count IV relating to K.G.; thirty-five years for Count V relating to K.S.; forty years each for Counts VI and VII relating to J.A., to run concurrently; twelve years for Count VIII relating to H.C.; and fifteen years each for Counts XI and XII relating to C.G., to run concurrently. The sentences as to each victim were ordered to run consecutively to each other. In addition, the trial court ordered a thirty-year habitual offender enhancement attached to Counts IV and VII, to run concurrently with each other, for an aggregate sentence of 187 years. He now appeals his sentence.

## Discussion and Decision

### I. Standard of Review

"The Indiana Constitution authorizes independent appellate review and revision of a trial court's sentencing decisions." Moss v. State, 13 N.E.3d 440, 447 (Ind. Ct. App. 2014), trans. denied. This court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "In determining whether a sentence is appropriate the court looks at the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." Moss, 13 N.E.3d at 447. The burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. Id.

## II. Schwartz's Sentence

Schwartz was convicted of four Class A felonies, six Class B felonies, and was found to be an habitual offender. The sentencing range for Class A felonies is twenty to fifty years, with an advisory sentence of thirty years. Ind. Code § 35-50-2-4 (2012). The sentencing range for Class B felonies is six to twenty years with an advisory sentence of ten years. Ind. Code § 35-50-2-5 (2012). "The court shall sentence a person found to be a habitual offender to an additional fixed term that is not less than the advisory sentence for the underlying offense nor more than three (3) times the advisory sentence for the underlying offense. However, the additional sentence may not exceed thirty (30) years." Ind. Code § 35-50-2-8(h) (2012).

Schwartz was ordered to serve time above the advisory sentence but below the maximum sentence for each conviction. Because his convictions were for crimes against multiple victims, Schwartz was ordered to serve his sentences with respect to each separate victim consecutively, amounting to a 187 year aggregate sentence.

Schwartz argues that his 187 year aggregate sentence is inappropriate in light of the nature of his offenses and his character as laid out in Appellate Rule 7(B), because he was only thirty-one years old at the time of his convictions, and the length of his aggregate sentence is equivalent to life without parole.

Our review of the nature of Schwartz's offenses reveals that Schwartz was in a position of trust in M.K.'s house, and he exploited that position by taking advantage of six children. See Rodriguez v. State, 868 N.E.2d 551, 555 (Ind. Ct. App. 2007) (stating that it is an aggravator for sentencing purposes when an adult abuses his position of trust over a

6

minor). Schwartz groomed and lured his victims using alcohol and tattoos. He then used the leverage he gained to have sex with thirteen and fourteen year old girls. On at least one occasion, he did this by threatening his victim. See Hamilton v. State, 955 N.E.2d 723, 728 (Ind. 2011) (stating that a harsher sentence is more appropriate when the defendant violates a position of trust and when the defendant directly threatens the victim). His offenses do not represent an isolated incident, but rather, they represent a series of sexual offenses committed against six different children over a period of almost three months. In committing these heinous offenses, Schwartz further exhibited reckless disregard for the health and welfare of each child by failing to use protection, potentially subjecting each victim to an unwanted pregnancy, sexually transmitted diseases, or both. Schwartz's offenses were predatory in nature.

Our review of Schwartz's character reveals that although he is only thirty-one years old, he has not been a law abiding citizen for much of his life, and he had an extensive criminal history at the time of his offenses. See Payne v. State, 838 N.E.2d 503, 508 (Ind. Ct. App. 2005) (concluding that the defendant's criminal history deserved significant aggravating weight given the number of offenses, the proximity in time of the offenses, and the defendant's similar prior convictions), trans. denied. Schwartz's criminal history goes back eighteen years, and it includes charges for aggravated battery, assault, trespass, larceny, theft, grand theft, armed burglary, robbery resulting in serious bodily injury, and sexual misconduct with a minor. Two of these charges were for sexual offenses involving underage girls. In addition to being arrested, convicted, and incarcerated, Schwartz has also been placed on probation and had it revoked on several occasions.

Schwartz understood the law regarding the age of consent when he committed these crimes, and despite participating in counseling programs in the past, Schwartz has continued to demonstrate his disrespect for the law. Indeed, Schwartz was on parole during the spring of 2012, making it doubtful that future rehabilitative efforts would have their intended effect. As observed by the trial court, and as a reflection of his poor character,[2] Schwartz completely lacked remorse for his victims and denied his actions at trial.

"[C]rimes against children are particularly contemptible," Pierce v. State, 949 N.E.2d 349, 352 (Ind. 2011), and because Schwartz committed his offenses against six children, the imposition of consecutive sentences for his offenses involving each child is justified, see Tyler v. State, 903 N.E.2d 463, 468 (Ind. 2009) (concluding because the defendant committed his offenses against more than one victim, the imposition of consecutive sentences on two Class A child molesting convictions was justified); see also Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008) ("Whether the counts involve one or multiple victims is highly relevant to the decision to impose consecutive sentences if for no other reason than to preserve potential deterrence of subsequent offenses."). Schwartz has not persuaded us that the nature of his offenses or his character make his 187 year aggregate sentence inappropriate.

We do note, however, that although the State filed an habitual offender enhancement with two Class A felony counts, the predicate offenses for each enhancement were the same. Therefore, there was but one habitual offender finding, and the trial court

---

[2] We also note that although Schwartz denies being a member of a gang, the DOC has identified him as a white supremacist and skin head.

8

erroneously imposed two habitual offender enhancements. <u>See</u> <u>Dye v. State</u>, 972 N.E.2d 853, 856 (Ind. 2012) ("It has long been established that double enhancements are not permissible . . . ."). The State concedes as much. <u>See</u> Brief of Appellee at 3 n.2 ("The State notes that the habitual offender enhancement may only be attached to one conviction."). Although the way the trial court structured Schwartz's sentence means that the error did not affect the overall length of his sentence, we remand to the trial court to correct the abstract of judgment to reflect a single habitual offender enhancement.

<u>Conclusion</u>

In light of the nature of Schwartz's offenses and his poor character, we conclude that his 187 year aggregate sentence is not inappropriate. The sentence is affirmed and the cause remanded to the trial court to correct the abstract of judgment.

Affirmed and remanded.

BAILEY, J., and BROWN, J., concur.