## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 10 2015, 9:23 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

John T. Wilson
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert Miller, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | March 10, 2015 <br><br> Court of Appeals Cause No. 48A02-1407-CR-478 <br><br> Appeal from the Madison Circuit Court. <br><br> The Honorable Thomas Newman, Jr., Judge. <br><br> Cause No. 48C03-1301-FC-182 |

**Riley, Judge.**

## STATEMENT OF THE CASE

[1]     Appellant-Defendant, Robert Miller (Miller), appeals his sentence following pleading guilty as charged without a plea agreement for two Counts of child molesting, Class C felonies, Ind. Code § 35-42-4-3(b) (2013).

[2]     We affirm.

## ISSUE

[3]     Miller raises one issue on appeal, which we restate as follows:  Whether the trial court properly sentenced Miller to an aggregate sixteen-year sentence.

## FACTS AND PROCEDURAL HISTORY

[4]     Between December 2010 and November 27, 2012, S.H., then six and seven years old, was molested by Miller, her biological uncle.  During that time, S.H. lived with her grandmother where Miller spent a considerable amount of time. At a forensic interview, S.H. described that Miller had touched her vagina with his finger.  She stated that sometimes he would put his finger inside her vagina "but not most of the time."  (Appellant's App. II, p. 43).  Sometimes Miller would touch S.H. inside her underwear, other times outside her underwear.

[5]     Police officers interrogated Miller.  He admitted to having touched S.H. twice but told the officers that each time S.H. initiated the contact.  He said that when S.H. and he would be sitting side by side on the couch, S.H. would take a hold

of his wrist and put the back of his hand on her vagina. Miller acknowledged that this touching would last for a couple of minutes before he pulled his hand away.

[6] On January 24, 2013, the State filed an Information charging Miller with two Counts of Class C felony child molesting. On June 2, 2014, Miller pled guilty as charged without a plea agreement. A week later, on June 9, 2014, the trial court conducted a sentencing hearing. During the hearing, other victims came forward to testify about past molestations by Miller. Sh.H., Miller's niece, testified that she was twelve years old when Miller has sexual intercourse with her in the back of his semi-truck. Even though Sh.H. made a written statement to police, she later recanted under pressure of her grandmother, Miller's mother. Sean Moore (Moore), Miller's former brother-in-law, testified that Miller had admitted to molesting Miller's daughter. Based on these molestations, a fifty-one count indictment had been filed against Miller in North Carolina, his daughter's place of residence.

[7] During its sentencing, the trial court noted as follows

> The mitigating [factors] that the [c]ourt recognizes at this time are that [Miller] did plea saving the cost of the crime . . . the trial, and the victim having to testify. No prior criminal history. There w[ere] alleged acts of mitigation that he did cooperate with police but the [c]ourt finds that it was some what . . . and that he attempted to share some of the blame with the victim in this case. Aggravating circumstances are that the multiple [] offenses which were repeated against this particular victim; the trust position that he was in with this victim; the fact that he did try to blame the victim for the activity that he has admitted to. The [c]ourt also finds aggravating circumstances

to be the prior incidents that have been testified to by other persons, which the [c]ourt determines that [Miller] [is] a serial sex offender. So, the [c]ourt finds aggravating outweighs mitigation which would enhance the two (2) counts [] to eight (8) years each, consecutive for an executed sentence of sixteen (16) years in the Department of Correction.

(Transcript pp. 42-43).

[8] Miller now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[9] Miller contends that his aggregate sentence of sixteen years is inappropriate for two reasons. First, he alleges that the trial court's sentencing statement was inadequate because it failed to explain why the particular individualized circumstance was determined to be aggravating. Second, Miller disputes the appropriateness of his sentence in light of the nature of the crime and his character.

### I. *Sentencing Statement*

[10] Generally sentencing determinations are within the trial court's discretion. *McElroy v. State*, 865 N.E.2d 584, 588 (Ind. 2007). We review the trial court's sentencing decision for an abuse of that discretion. *Id.* An abuse of discretion has occurred when the sentencing decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id*. (citing *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006)). Trial courts have the discretion to deviate from the presumptive sentence upon finding and weighing any

aggravating or mitigating circumstances. *Id.* However, when a trial court enhances a presumptive sentence, it must state its reasons for doing so, identifying all significant aggravating and mitigating factors; stating the facts and reasons that lead the court to find the existence of each such circumstance; and demonstrating that the court has evaluated and balanced the aggravating and mitigating factors in determining the sentence. *Id.* This serves to guard against arbitrary sentences and to provide an adequate basis for appellate review. *Id.*

[11] A trial court's sentencing statement is adequate if it is "sufficient for this [c]ourt to conduct meaningful appellate review." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218. If the recitation includes the finding of aggravating or mitigating circumstances, the statement must identify all significant mitigating and aggravating circumstances and explain why each circumstance has been determined to be mitigating or aggravating. *Id.* at 490. An abuse of discretion occurs then if the record does not support the reasons given for imposing the sentence, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law. *Id.* at 490-91. On appeal, we may consider both the trial court's written statement and its comments at the sentencing hearing. *Gibson v. State*, 856 N.E.2d 142, 146 (Ind. Ct. App. 2006).

[12] Reviewing the trial court's sentencing statement, we conclude that it is adequate as it allows us to conduct a meaningful review. Nevertheless, Miller's contentions also reach the content of the sentencing statement itself, as he

disputes not only its overall sufficiency, but also the validity of several aggravators.

[13] First, Miller contends that the trial court abused its discretion when identifying the "multiple offenses, which were repeated against this particular victim," as an aggravating circumstance. (Appellant's Br. p. 4). In its statement, the trial court alluded to the fact that even though Miller was only charged with the two particular offenses he had admitted to, the evidence reflects that the molestations were numerous and had been ongoing over a lengthy period of time. As such, the trial court referenced the repetitive and ongoing nature and circumstances of the uncharged acts against S.H. "It is a well-established principle that the fact of multiple crimes or victims constitutes a valid aggravating circumstance that a trial court may consider in imposing consecutive or enhanced sentences." *O'Connell v. State*, 742 N.E.2d 943, 952 (Ind. 2001). *See also Buck v. State*, 716 N.E.2d 507, 513 (Ind. 1999) (the repetitive and ongoing nature and circumstances of the crimes is a valid aggravator).

[14] Second, contesting his position of trust, Miller claims that this aggravator is non-existent because he did not reside in the house. Generally, the position of trust as a sentence aggravator "applies in cases where the defendant has a more than casual relationship with the victim and has abused the trust resulting from that relationship." *Rodriguez v. State*, 868 N.E.2d 551, 555 (Ind. Ct. App. 2007). Here, Miller was S.H.'s biological uncle and she considered him a relative. Although Miller did not reside in the same residence as S.H., he was a frequent

visitor and spent a significant amount of time in the home. As such, an inference can be made that a position of trust had developed between the uncle and niece.

[15] Lastly, Miller asserts that the trial court improperly considered the prior uncharged criminal acts to aggravate his sentence. In its statement, the trial court identified the prior incidents testified to by other witnesses, alluding to Sh.H.'s testimony of sexual intercourse when she was twelve years old and Moore's statements that Miller had admitted to molesting Miller's daughter in North Carolina. "Charges that do not result in convictions are not *by themselves* permissible as aggravating criminal history." *McElroy*, 865 N.E.2d at 591. They "may be considered by the sentencing court in context, but something more than mere recitation unaccompanied by specific allegations should be shown." *Id*. We have held that "in order to enhance a criminal sentence based, in whole or in part, on the defendant's history of criminal activity, a sentencing court must find instances of specific criminal conduct shown by probative evidence to be attributable to the defendant. A bare record of arrest will not suffice to meet this standard." *Id*. Here, the trial court did not merely rely on a record of arrest but instead heard and credited the testimony of two witnesses. Therefore, we find the aggravator of prior uncharged criminal acts valid.

## II. *Inappropriate Sentence*

[16] Miller also contends that his sentence is inappropriate in light of the nature of the offense and his character. Although a trial court may have acted within its

lawful discretion in imposing a sentence, Indiana Appellate Rule 7(B) provides that an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The defendant has the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Whether this court regards a sentence as appropriate at the end of the day turns on its sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case. *Suprenant v. State*, 925 N.E.2d 1280, 1284 (Ind. Ct. App. 2010), *trans. denied*.

[17]  Miller pled guilty to two Counts of child molesting as Class C felonies. The advisory term for a Class C felony is four years with the minimum and maximum terms being two and eight years, respectively. I.C. § 35-50-5-6 (2013). The trial court imposed a consecutive, maximum sentence of eight years for each Count, for an aggregate sentence of sixteen years.

[18]  With respect to the nature of Miller's offenses, we note at the outset that "[c]rimes against children are particularly contemptible." *Walker v. State*, 747 N.E.2d 536, 538 (Ind. 2001). Here, Miller molested S.H. when she was six and seven years old in the safety of her own house and over a lengthy period of time. Despite his contention to the contrary, Miller "hurt" S.H. when he touched "her private part." (Appellant's App. p. 43). Testimony revealed that S.H. still suffers the consequences of the molestations in that she is "having many sleepless nights because she gets bad headaches because everything seems

bad to her." (Tr. p. 24). S.H. has been in counseling "for a long period of time." (Tr. p. 24).

[19] Turning to his character, we note the absence of a criminal history. Despite his lack of convictions, by the time Miller pled guilty, he had been charged with a Class A felony child molesting which was still pending at the time of sentencing. Additionally, he acknowledged that he had been charged with fifty-one counts of "sex offenses" against his daughter in North Carolina. This pattern of criminal activity persuaded the trial court to characterize him as a "serial sex offender." (Tr. p. 43). However, instead of being remorseful for his actions, Miller has the temerity to blame his victim, insisting that a six-year-old instigated the sexual molestations. Even though Miller focuses on his positive employment history, we cannot say that this fact overcomes the sordid character of Miller's criminal activity.

[20] In light of the evidence before us, we conclude that Miller's sixteen-year sentence is appropriate in light of the nature of the offense and his character.

## CONCLUSION

[21] Based on the foregoing, we conclude the trial court's sentencing statement was adequate and Miller's sentence appropriate pursuant to Appellate Rule 7(B).

[22] Affirmed.

[23] Vaidik, C.J. and Baker, J. concur