## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Charles L. Martin
Martin & Martin, Attorneys at Law, P.C.
Boonville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Lawrence E. Kellems, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | August 14, 2015 <br><br> Court of Appeals Case No. <br> 87A04-1411-CR-537 <br><br> Appeal from the Warrick Superior Court <br><br> The Honorable Robert R. Aylsworth <br><br> Trial Court Cause No. <br> 87D02-1401-FA-43 |

**Bailey, Judge.**

# Case Summary

[1]    Lawrence E. Kellems ("Kellems") appeals his aggregate forty-year sentence imposed following his pleas of guilty to three counts of Child Molesting,[1] as Class A felonies, and one count of Sexual Misconduct with a Minor, as a Class C felony.[2]  He presents the sole issue of whether the trial court abused its sentencing discretion.  We affirm.

# Facts and Procedural History

[2]    On January 29, 2014, the State of Indiana charged Kellems with fifteen offenses, alleging that Kellems had committed sexual acts involving four of his ten minor children.  On September 4, 2014, Kellems pled guilty to four of the fifteen counts; the remainder were dismissed.  On November 16, 2014, the trial court imposed a forty-year sentence for each of the Class A felonies and a four-year sentence for the Class C felony.  All sentences were to be served concurrently, providing for an aggregate sentence of forty years.  This appeal ensued.

# Discussion and Decision

---

[1] Ind. Code § 35-42-4-3(a)(1).  In all instances, we refer to the version of the statutes in effect at the time of Kellems's crimes.

[2] I.C. § 35-42-4-9(b)(1).

[3] Upon conviction of a Class A felony, Kellems faced a sentencing range of twenty years to fifty years, with the advisory sentence being thirty years. *See* Ind. Code § 35-50-2-4. Upon conviction of a Class C felony, he faced a sentencing range of two years to eight years, with the advisory sentence being four years. *See* I.C. § 35-50-2-6. In imposing the aggregate forty-year sentence, the trial court found as aggravators: Kellems was in a position of trust as to his victims, and the "quality and quantity" of the offenses. (Confidential App. at 8.) In mitigation, the trial court found that Kellems had no criminal history and he had entered a plea of guilty. Kellems now argues that the trial court abused its discretion by relying upon improper aggravators and ignoring mitigating circumstances.

[4] "So long as the sentence is within the statutory range, it is subject to review only for abuse of discretion." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on other grounds*, 875 N.E.2d 218 (Ind. 2007) (*Anglemyer II*). This includes the finding of an aggravating circumstance and the omission to find a proffered mitigating circumstance. *Id.* at 490-91. When imposing a sentence for a felony, the trial court must enter "a sentencing statement that includes a reasonably detailed recitation of its reasons for imposing a particular sentence." *Id.* at 491.

[5] The trial court's reasons must be supported by the record and must not be improper as a matter of law. *Id.* However, a trial court's sentencing order may no longer be challenged as reflecting an improper weighing of sentencing factors. *Id.* A trial court abuses its discretion if its reasons and circumstances for imposing a particular sentence are clearly against the logic and effect of the

facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Hollin v. State*, 877 N.E.2d 462, 464 (Ind. 2007).

[6] Kellems first challenges the finding of the aggravating circumstance that he was in a position of care, custody, or control of his victims. He argues:

> None of these three (3) victims[3] testified that the care, custody, or control of the defendant over the victim was a cause for the defendant to have an advantage over the victim and accordingly facilitate his performance of the deviant sexual conduct over the victim.

(Appellant's Br. at 5.) We find the argument somewhat perplexing, in that Kellems is admittedly the father of each of the minor victims and, together with his then-wife, had custody of the minors. The position of trust aggravator is applicable where, as here, a defendant has "more than a casual relationship with the victim and has abused the trust resulting from that relationship." *Rodriquez v. State,* 868 N.E.2d 551, 555 (Ind. Ct. App. 2007).

[7] Kellems next challenges the trial court's reliance upon the "quality and quantity" of the offenses as an aggravator. (Confidential App. at 8.) As Kellems observes, this is not an enumerated statutory sentencing consideration found in Indiana Code § 35-38-1-7.1. Nonetheless, he presents no argument that the trial court is precluded from considering the particularized

---

[3] Kellems includes only the victims of the Class A felonies.

circumstances of the offenses. As to those circumstances, Kellems asserts that there was no testimony – at the sentencing hearing or "at any other time" – establishing the number of incidents or discussing their "quality." (Appellant's Br. at 6.) The record on appeal includes no transcript of the guilty plea hearing, and we do not speculate upon what evidence may have been presented or omitted. Accordingly, Kellems presents no issue for our review in this regard.

[8]　As for the allegedly omitted mitigating circumstances, an allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is not only supported by the record but also that the mitigating evidence is significant. *Anglemyer II*, 875 N.E.2d at 220-21. Kellems claims that the trial court should have recognized as mitigating circumstances some of those enumerated in Indiana Code § 35-38-1-7.1: he would likely respond affirmatively to probation or short-term imprisonment, his character and attitudes indicate that he is unlikely to commit another crime, imprisonment would result in undue hardship to his dependents, and the crimes were a result of circumstances unlikely to reoccur.

[9]　For the most part, Kellems did not advance these as mitigators at the sentencing hearing. However, with regard to hardship to dependents, defense counsel briefly mentioned that Kellems "has always had employment" and supported his family with "legitimate income." (Tr. at 16.) A trial court "is not required to find that a defendant's incarceration would result in undue hardship upon his dependents." *Davis v. State*, 835 N.E.2d 1102, 1116 (Ind. Ct. App. 2005), *trans. denied.* Indeed, "[m]any persons convicted of serious crimes have one or more

children and, absent special circumstances, trial courts are not required to find that imprisonment will result in an undue hardship." *Dowdell v. State*, 720 N.E.2d 1146, 1154 (Ind. 1999).

# Conclusion

Kellems did not demonstrate that the trial court abused its sentencing discretion in the finding of aggravating or mitigating circumstances.

Affirmed.

Baker, J., and Mathias, J., concur.