## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 23 2018, 5:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Yvette M. LaPlante
Keating & LaPlante, LLP
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael Leroy Thomas, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 23, 2018

Court of Appeals Case No.
82A05-1708-CR-1826

Appeal from the Vanderburgh
Circuit Court.
The Honorable David D. Kiely,
Judge.
Trial Court Cause No.
82C01-1611-F4-6592

**Barteau, Senior Judge**

## Statement of the Case

[1]     Michael Leroy Thomas, Jr., appeals the sentence the trial court imposed after he pled guilty to three counts of sexual misconduct with a minor, all Level 5 felonies.  We affirm.

# Issues

Thomas raises two issues, which we restate as:

> I. Whether the trial court abused its discretion at sentencing.
>
> II. Whether the sentence is inappropriate in light of the nature of the offense and the character of the offender.

# Facts and Procedural History

L.D., a fifteen-year-old, reported that her father's best friend, Thomas, had molested her. At the time, L.D. was dating Thomas' son. She stated that Thomas touched her breasts and vagina and inserted his finger into her vagina on approximately twenty occasions. During subsequent police questioning, Thomas admitted that he touched L.D.'s breasts and vagina four times, most recently in his truck while he drove her to a doctor's appointment. At the police officer's request, Thomas wrote a letter to L.D. and her family apologizing for his misconduct. He wrote to his friend, "I betrayed your trust." Tr. Vol. IV, State's Ex. 1.

The State charged Thomas with five counts of sexual misconduct with a minor, one as a Level 4 felony and four as Level 5 felonies. The parties executed a plea agreement. According to the agreement, the State would dismiss the Level 4 felony and one of the Level 5 felonies, and Thomas would plead guilty to the remaining three Level 5 felonies. The parties further agreed Thomas would serve the sentences for the three felonies concurrently, and his total sentence would be capped at six years.

[5] The trial court accepted the plea agreement. At the sentencing hearing, the court stated:

> The Court notes that the IRAS indicates the defendant is a low risk to re-offend. The Court notes that the defendant did plead guilty, and the Court notes that the defendant has no prior criminal history, and that he is a military veteran. The Court notes that the victim in this case had just turned fifteen; the Court notes that one of these instances occurred when the defendant was taking the victim to a doctor's appointment.

Tr. Vol. II, pp. 18-19.

[6] The court sentenced Thomas to five years with one year suspended to probation on each count, to be served concurrently for an aggregate executed sentence of four years. This appeal followed.

# Discussion and Decision

## I. Sentencing Discretion

[7] Thomas argues that the trial court should not have imposed a five-year sentence because the trial court failed to identify any valid aggravating circumstances. In general, sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before it, or the reasonable, probable, and actual deductions to be drawn therefrom. *Moyer v. State*, 83 N.E.3d 136, 141 (Ind. Ct. App. 2017), *trans. denied*.

[8] In general, when a trial court imposes a sentence for a felony, the court must include a reasonably detailed recitation of the reasons for imposing the sentence. *Anglemyer*, 868 N.E.2d at 490. One way in which a trial court abuses its discretion at sentencing is by finding aggravating or mitigating circumstances that are unsupported by the record. *Id.* The weight a trial court gives to aggravating or mitigating circumstances is not subject to appellate review. *Weedman v. State*, 21 N.E.3d 873, 893 (Ind. Ct. App. 2014), *trans. denied*.

[9] Thomas argues the trial court, in noting Thomas molested L.D. while taking her to the doctor, erroneously determined he abused a position of trust. It is unclear that the trial court determined that Thomas breached a position of trust. The court did not use that phrase while imposing the sentence, noting instead only that Thomas molested L.D. while he took her to the doctor. A trial court can consider the facts and circumstances of the crime as an aggravating circumstance so long as the trial court does not consider facts needed to prove the elements of the offense. *Hall v. State*, 870 N.E.2d 449, 464 (Ind. Ct. App. 2007), *trans. denied*.

[10] Thomas' act of molesting L.D. while taking her to a doctor's appointment is a valid aggravating factual circumstance of the crime. He took advantage of L.D.'s temporary isolation from family and home to abuse her while she was in his truck.

[11] Second, if the trial court treated Thomas' molestation of L.D. as a breach of trust, there is sufficient record to support such a conclusion. The General

Assembly has noted that it is an aggravating circumstance that the defendant "was in a position having care, custody, or control of the victim of the offense." Ind. Code § 35-38-1-7.1 (2015). As a panel of this court has stated:

> The position of trust aggravator is frequently cited by sentencing courts where an adult has committed an offense against a minor and there is at least an inference of the adult's authority over the minor. Moreover, this aggravator applies in cases where the defendant has a more than casual relationship with the victim and has abused the trust resulting from that relationship.

*Rodriguez v. State*, 868 N.E.2d 551, 555 (Ind. Ct. App. 2007).

[12]     In this case, Thomas was not a mere acquaintance to L.D. To the contrary, he was her father's best friend and the stepfather of her boyfriend. On at least one occasion, L.D.'s parents placed her in Thomas' care by having him take her to the doctor. Thomas admitted as much by acknowledging in a letter to L.D.'s family that he violated his friend's trust. We conclude Thomas was in a position of trust as to the victim, and the trial court did not abuse its sentencing discretion. *See Hines v. State*, 856 N.E.2d 1275, 1281 (Ind. Ct. App. 2006) (trial court properly cited defendant's abuse of a position of trust as an aggravating factor; defendant molested victim while she was staying overnight at his house), *trans. denied*.

## II. Appropriateness of Sentence

[13]     Thomas next argues that the Court should exercise its constitutional power to review his sentence and reduce it to three years. Even when a trial court has acted within its sentencing discretion, article VII, section 6 of the Indiana

Constitution authorizes this court to review and revise sentences. This authority is implemented through Indiana Appellate Rule 7(B), which provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender."

[14] As we conduct our review, we consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record. *Walters v. State*, 68 N.E.3d 1097, 1101 (Ind. Ct. App. 2017), *trans. denied*. The appellant must demonstrate that the sentence is inappropriate. *Id.*

[15] The advisory sentence for a Level 5 felony is three years, with a maximum sentence of six years and a minimum sentence of one year. Ind. Code § 35-50-2-6 (2014). The court imposed a sentence of five years with one year suspended to probation for each count, to be served concurrently for an aggregate executed sentence of four years. His total sentence is thus well below both the statutory maximum of eighteen years and the six-year maximum sentence negotiated in the plea agreement.

[16] We start with the nature of the offense. Thomas was familiar to L.D. for two reasons: he was her father's best friend, and he was her boyfriend's stepfather. Thomas took advantage of those close ties to repeatedly abuse L.D. Although he pled guilty to only three Level 5 felonies, he admitted to molesting her on a fourth occasion as well. According to L.D., Thomas molested her as many as

twenty times.  On one of the occasions, Thomas assaulted her in his truck while he was entrusted with taking her to a doctor's appointment.

Turning to the character of the offender, Thomas was forty-seven (47) years old at sentencing.  He has no prior criminal history and is a veteran.  These positive character traits are outweighed by his repeated molestations of fifteen-year-old L.D.  In his letter to L.D. and her family, he acknowledged he was aware his conduct was wrong, but he continued to commit crimes against L.D. anyway. Tr. Vol. IV, State's Ex. 1 ("I tried not to let this happen.").  Thomas has failed to demonstrate that his slightly aggravated sentence is inappropriate.

## Conclusion

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

Riley, J., and Bradford, J., concur.