## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 17 2018, 10:01 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Andrew B. Arnett
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tiawana M. Hughes, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | August 17, 2018 <br><br> Court of Appeals Case No. 18A-CR-397 <br><br> Appeal from the Johnson Superior Court <br><br> The Honorable Peter D. Nugent, Judge <br><br> Trial Court Cause No. 41D02-1707-F3-32 |

**Najam, Judge.**

## Statement of the Case

Tiawana M. Hughes appeals her sentence following her conviction for child molesting, as a Level 3 felony, pursuant to a guilty plea. Hughes raises a single issue for our review, which we restate as whether the trial court abused its discretion in its identification and weight of aggravators and mitigators used in sentencing Hughes.[1] We affirm.

## Facts and Procedural History

On November 1 and December 31, 2015, Hughes was living with her best friend's grandparents and twelve-year-old foster daughter, A.S. On those dates Hughes performed oral sex on A.S. Hughes also had A.S. perform oral sex on her. About six months later, A.S. informed her foster mother of the molestations, and her foster mother informed the police.

The State charged Hughes with child molesting, as a Level 3 felony. Hughes agreed to plead guilty pursuant to a plea agreement on the condition that she not serve more than five years executed in the Department of Correction. The

---

[1] Hughes styles her argument on appeal as a challenge to the appropriateness of her sentence under Indiana Appellate Rule 7(B). In response, the State argues that Hughes has waived her argument under Rule 7(B) because she makes no substantive argument that her sentence is inappropriate in light of the nature of the offense and her character. We agree with the State that the substance of Hughes' argument in her brief is not a Rule 7(B) argument. Rather, the substance of her argument is that the trial court improperly identified an aggravator, failed to properly identify a purported mitigator, and improperly weighed the aggravators and mitigators. We address the substance of Hughes' actual argument accordingly.

trial court accepted Hughes' plea agreement.  And, at the conclusion of the ensuing sentencing hearing, the court stated as follows:

> I think the only real aggravator is that you were in a position of trust with this twelve year old and you violated that position of trust.  I think the mitigating circumstances are substantial.  You have no criminal history, you ple[aded] guilty, or you owned it, which is big in this Court, you're remorseful for what's happening.  You have the support system that cares about you and is ready to help.  My problem is that[,] under the nature and circumstance[s] of the case, it's still a child molesting.  A twelve year old child.  And . . . it's going to effect this young person for a long, long time . . . .  I believe that you can benefit from counseling. . . .  But . . . you cannot overlook the fact that there's a child molesting.  And so under the circumstances, what I'm going to do is find that the aggravators and mitigators cancel each other out.  The stated term for a level 3 is nine years.  It will be a nine year sentence[.  O]f that nine, three will be executed at the Department of Correction[;] six will be suspended.

Tr. Vol. 2 at 22-23.  This appeal ensued.

# Discussion and Decision

[4]   Hughes asserts that the trial court abused its discretion when it sentenced her.  Sentencing decisions lie within the sound discretion of the trial court.  *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008).  An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom."  *Gross v. State*, 22 N.E.3d 863, 869 (Ind. Ct. App. 2014) (citation

omitted), *trans. denied.* A trial court abuses its discretion in sentencing if it does any of the following:

> (1) fails "to enter a sentencing statement at all;" (2) enters "a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons;" (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration;" or (4) considers reasons that "are improper as a matter of law."

*Id.* (quoting *Anglemyer v. State*, 868 N.E.2d 482, 490-91 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007)). However, the relative weight or value assignable to reasons properly found, or those which should have been found, is not subject to review for abuse of discretion, *id.*, and a trial court is under no obligation to explain why a proposed mitigator does not exist or why the court found it to be insignificant, *Sandleben v. State*, 22 N.E.3d 782, 796 (Ind. Ct. App. 2014), *trans. denied.*

Hughes asserts that the trial court abused its discretion for each of the following reasons: (1) "there was no evidence on the record . . . that Hughes had put herself in a position of trust with A.S."; (2) the trial court's identified mitigators "should have been given significant weight"; and (3) "the trial court failed to recognize another mitigating factor," namely, "that Hughes would respond affirmatively to probation or short-term imprisonment." Appellant's Br. at 9.

We cannot agree with Hughes' assessment. First, "[a] position of trust exists where a defendant has 'more than a casual relationship with the victim and has

abused the trust resulting from that relationship.'" *Amalfitano v. State*, 956 N.E.2d 208, 211 (Ind. Ct. App. 2011) (quoting *Rodriguez v. State*, 868 N.E.2d 551, 555 (Ind. Ct. App. 2007)), *trans. denied*. "Generally, cohabitation arrangements of nearly any character . . . do in fact, and should, establish a position of trust between the adults and minors living or staying together." *Id.* (quotation marks omitted). The record is clear that Hughes was twenty-eight years old when she was living with A.S., her best friend's twelve-year-old foster daughter. The record thus supports the trial court's finding that Hughes was in a position of trust over A.S.

[7] Hughes' second argument—that the trial court failed to give appropriate or significant weight to the mitigators—is not properly before this court, and we do not consider it. *E.g., Gross*, 22 N.E.3d at 869 (citing *Anglemyer*, 868 N.E.2d at 490-91). And Hughes' third argument—that the trial court failed to identify as a mitigator that she would respond affirmatively to probation or short-term imprisonment—does not explain how that proposed mitigator "is both significant and clearly supported by the record." *Anglemyer*, 868 N.E.2d at 493. The trial court "is not obliged to explain why it has found that the factor does not exist." *Id.* Moreover, Hughes's sentence consists of an executed term of three years, even though the plea agreement allowed the court to impose an executed term of five years. Hughes does not explain how an executed term less than that she had agreed to in her plea agreement was an abuse of the court's discretion.

[8]     In sum, we cannot say that the trial court abused its discretion when it sentenced Hughes, and we affirm her sentence.

[9]     Affirmed.


Crone, J., and Pyle, J., concur.