## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 16 2018, 10:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Steven E. Ripstra
Ripstra Law Office
Jasper, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Gregory Ollie Scott, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | March 16, 2018 <br><br> Court of Appeals Case No. <br> 63A05-1708-CR-1917 <br><br> Appeal from the Pike Circuit Court <br><br> The Honorable Jeffrey L. Biesterveld, Judge <br><br> Trial Court Cause No. <br> 63C01-1511-F4-563 |

**Pyle, Judge.**

# Statement of the Case

Gregory O. Scott ("Scott") appeals his sentence for his conviction of Level 4 felony child molesting.[1] He argues that: (1) the trial court abused its discretion when it sentenced him because it overlooked a significant mitigating factor and identified improper aggravating factors; and (2) his sentence was inappropriate. Because we do not find that the trial court abused its discretion or that Scott's sentence was inappropriate, we affirm.

We affirm.

# Issues

1. Whether the trial court abused its discretion when it sentenced Scott.

2. Whether Scott's sentence was inappropriate.

# Facts

On May 2, 2017, Scott pled guilty, pursuant to a written plea agreement, to Level 4 felony child molesting. In exchange for Scott's plea of guilty, the State agreed to dismiss two additional charges against him, as well as an allegation that he was an habitual vehicular substance offender.[2] The terms of the plea agreement also provided that Scott would serve a sentence of two (2) to twelve

---

[1] IND. CODE § 35-42-4-3(b).

[2] Because the State dismissed the charges and allegation, we have not included the facts supporting those charges here.

(12) years. As a factual basis for his guilty plea, Scott admitted that he had knowingly fondled or touched an eight-year-old child, K.M., with the intent to arouse or satisfy his own sexual desires.

[4] At the sentencing hearing, Deputy Buck A. Seger ("Deputy Seger") with the Pike County Sheriff's Office testified to additional details regarding Scott's offense. He testified that on November 28, 2015, he had been called to K.M.'s residence regarding a domestic battery and child molest. At the residence, eight-year-old K.M. had told him that Scott had touched her breasts and vagina. Deputy Seger had interviewed Scott the next day. During this interview, Scott had told Deputy Seger that "he didn't believe [the molestation] [had] happened. But if it [had] happen[ed], it could have been because he was blacking out due to alcohol and [] pill intoxication." (Tr. Vol. 2 at 27). Deputy Seger said that Scott had admitted that he had lain with K.M. on the couch, underneath the covers, while they watched a movie and that he had rubbed "her [] belly and her sternum area to . . . get her to fall asleep." (Tr. Vol. 2 at 29). Scott said this had occurred while K.M.'s siblings were in the room, also watching the movie.

[5] The State introduced Scott's pre-sentence investigation report ("PSI"), which detailed that Scott had five prior misdemeanor convictions. He had unsuccessfully completed his probation for one of those causes in 2008 and had violated his probation in another cause by testing positive for drugs in 2013.

[6] In addition, the probable cause affidavit revealed that K.M. was the daughter of Scott's girlfriend. According to the probable cause affidavit, K.M. had told the investigating officers that, in addition to "squis[h]ing and rubbing" her vagina and "rubbing" her nipple, Scott had put his hand over her mouth at some point during the molestation. (App. Vol. 2 at 20).

[7] At the conclusion of the sentencing hearing, the trial court sentenced Scott to ten (10) years executed. The court found as aggravating factors that: (1) Scott had been in a position of trust and in a position of having care, custody, or control of K.M.; (2) the harm K.M. had suffered was greater than the elements necessary to prove the commission of the offense; (3) Scott had a criminal history; (4) prior lenient treatment had not been successful; (5) K.M. had been less than twelve years old at the time of the offense; and (6) Scott had recently violated conditions of probation. The trial court also "specifically [found]" that Scott lacked remorse and candor as shown by his lack of cooperation in the Pre-Sentence Investigation.[3] (Tr. Vol. 2 at 44). The trial court "consider[ed]" Scott's IRAS assessment, which determined that Scott had a "very high" risk to reoffend. (Tr. Vol. 2 at 44). As a mitigating factor, the trial court found that

---

[3] The PSI documented that:

> [d]uring the PSI interview, the defendant chose not to discuss in any details the instant offense or how his actions had affected the victim in this case. He was very adamant that he was falsely accused in this case and proclaims his innocent [sic]. He reports he has mistrust in the 'system' and is not willing to take his chances during a trial.

(App. Vol. 2 at 142). The trial court verified that, in spite of this reports in the PSI, Scott acknowledged that he was guilty of child molesting.

Scott had saved the court's time and resources by pleading guilty. Scott now appeals.

# Decision

On appeal, Scott argues that the trial court abused its discretion when it sentenced him and that his sentence was inappropriate. We will address each of these arguments in turn.

## 1. Abuse of Discretion

First, Scott asserts that the trial court abused its discretion when it sentenced him because the trial court omitted a significant mitigating circumstance and improperly identified aggravating circumstances. Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id*. We will find an abuse of discretion where the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id*. When determining whether a trial court has abused its discretion, we do not reweigh the evidence or assess the credibility of witnesses. *Leonard v. State*, 86 N.E.3d 406, 410 (Ind. Ct. App. 2017), *trans. denied.* A trial court may abuse its discretion in a number of ways, including by: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a

sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Anglemyer*, 868 N.E.2d at 490–91.

[10] As for his mitigating factors, Scott argues that the trial court should have found that his lack of recent probation violations was a mitigating factor. However, a trial court is not obligated to accept a defendant's claim as to what constitutes a mitigating circumstance. *Rascoe v. State*, 736 N.E.2d 246, 249 (Ind. 2000). A claim that the trial court failed to find a mitigating circumstance requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Anglemyer,* 868 N.E.2d at 493.

[11] Although Scott asserted in his sentencing argument that he had not recently violated his probation, the State noted that Scott had violated his probation in 2013, two years before the instant offense. Accordingly, we conclude that Scott's lack of probation violations was not clearly supported by the record, and the trial court did not abuse its discretion by omitting that circumstance as a mitigating factor.

[12] Additionally, Scott argues that several of the trial court's aggravating factors were improper. Specifically, he asserts that: (1) there was no evidence that he held a position of trust with K.M. or was in a position of having care, custody, or control of her; (2) the harm K.M. suffered was not greater than the elements necessary for the offense; and (3) the trial court should not have found that his "high risk to reoffend" IRAS assessment result was an aggravating factor.

[13]     The position of trust aggravator is frequently cited by sentencing courts where an adult has committed an offense against a minor and there is at least an inference of the adult's authority over the minor. *Rodriguez v. State*, 868 N.E.2d 551, 555 (Ind. Ct. App. 2007). This aggravator applies in cases where the defendant has a more than casual relationship with the victim and has abused the trust resulting from that relationship. *Id.*

[14]     Scott's probable cause affidavit revealed that K.M. was the daughter of Scott's girlfriend. Although Scott and K.M. did not live together, the record on appeal demonstrates that Scott was close enough to K.M. to lie with her on a couch under the covers and watch a movie. This closeness indicates that Scott had more than a "casual" relationship with K.M. *See id.* In light of this evidence of closeness and the implied position of authority Scott held as K.M.'s mother's boyfriend, the trial court did not abuse its discretion in determining that Scott held a position of trust with K.M.

[15]     Next, Scott argues that the harm K.M. suffered was not greater than the elements necessary to commit the offense. We disagree. A person commits child molesting when he "with a child under fourteen (14) years of age, performs or submits to any fondling or touching, of either the child or [himself], with intent to arouse or to satisfy the sexual desires of either the child [or himself]." I.C. § 35-42-4-3(b).

[16]     The harm here was greater than those elements required because K.M. was only eight years old, well below the statutory age of fourteen, when Scott

molested her. In addition, Scott molested K.M. in the presence of her siblings while they watched a movie. He touched both her vagina and her breasts and held his hand over her mouth while he did so, presumably so that she could not protest or seek help. Therefore, the trial court did not abuse its discretion in identifying the harm to K.M. as an aggravating factor.

[17] As for Scott's IRAS assessment result, Scott is correct that "the offender risk assessment scores do not in themselves constitute, and cannot serve as, an aggravating or mitigating circumstance." *J.S. v. State*, 928 N.E.2d 576, 578 (Ind. 2010). This is because such assessments are prepared by probation officers and other administrators relying on data and evaluations that "are not necessarily congruent with a sentencing judge's findings and conclusions regarding relevant sentencing factors." *Malenchik v. State,* 928 N.E.2d 564, 573 (Ind. 2010). They are neither "intended nor recommended to substitute for the judicial function of determining the length of sentence appropriate for each offender." *Id.* However, our supreme court has also noted that:

> such evidence-based assessment instruments can be significant sources of valuable information for judicial consideration in deciding whether to suspend all or part of a sentence, how to design a probation program for the offender, whether to assign an offender to alternative treatment facilities or programs, and other such corollary sentencing matters.

*Id*.

[18] Contrary to Scott's argument, the trial court did not identify Scott's IRAS score as an aggravating factor. It specified—after it had finished discussing the

aggravating factors—that it had "*consider[ed]* the IRAS assessment." (Tr. Vol. 2 at 44) (emphasis added). Consideration of a factor is not equivalent to identifying that factor as aggravating. Moreover, the court did not include Scott's IRAS assessment in its list of aggravating factors in its sentencing order. Thus, we conclude that the trial court did not improperly identify Scott's IRAS assessment result as an aggravating factor.

[19] In sum, because we have not found merit in Scott's argument that the trial court omitted a significant mitigating factor or found improper aggravating factors, we conclude that the trial court did not abuse its discretion in sentencing Scott.

## 2. Indiana Appellate Rule 7(B)

[20] Next, Scott argues that his sentence was inappropriate. Under Indiana Appellate Rule 7(B), we may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. The defendant has the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). The principal role of a Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Whether a sentence is inappropriate ultimately turns on "the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Id*. at 1224.

[21] When determining whether a sentence is inappropriate, we acknowledge that the advisory sentence "is the starting point the Legislature has selected as an appropriate sentence for the crime committed." *Childress*, 848 N.E.2d at 1081. The sentencing range for a Level 4 felony is two (2) to twelve (12) years, with an advisory sentence of six (6) years. I.C. § 35-50-2-5.5. As the trial court sentenced Scott to ten (10) years executed, his sentence was shorter than the maximum possible sentence but longer than the advisory sentence.

[22] Turning to the nature of the offense, we note that Scott touched an eight-year-old girl's vagina and breasts and held his hand over her mouth while he did so, thereby preventing her from seeking help. Because K.M.'s siblings were in the room during the molestation, Scott also risked exposing them to his offense. Further, as Scott was K.M.'s mother's boyfriend, he held a position of trust and authority over her.

[23] Turning to Scott's character, we note that Scott is thirty-one years old with five prior misdemeanor convictions, including, among others, convictions for Class A misdemeanor operating a motor vehicle while intoxicated in a manner that endangers a person, Class A misdemeanor operating a vehicle while intoxicated, and Class B misdemeanor criminal mischief. Scott's conviction for operating a vehicle while intoxicated was originally a Class D felony, but the trial court reduced the conviction to a misdemeanor when Scott completed the Alcohol Abuse Probation Services Program. In addition, Scott has previously violated his probation in two separate causes, once in 2008 and once in 2013, and he was unsuccessfully discharged from probation in 2008. He also failed to

complete a court-ordered drug program. This history demonstrates that Scott does not have a respect for the law and that prior attempts at leniency have not been successful. Further, the trial court noted that Scott did not show remorse for his actions and did not demonstrate candor.

[24] In light of these factors regarding the nature of Scott's offense and his character, we conclude that his ten-year sentence was not inappropriate.

[25] Affirmed.

Kirsch, J., and Bailey, J., concur.